### DAVE ADKINS V. THE STATE.

No. 2082. Decided February 28, 1900.

**1. Forgery—Indictment—Counts in—Charge of Court.**

Where an indictment for forgery contained four counts, charging forgery, uttering a forged instrument, and having in possession a forged instrument with intent to pass it, and the court submitted only the first count in his charge to the jury, omitting the remaining three, Held, this was proper.

**2. Same—Promissory Note—Variance—Indictment—Memorandum.**

Where on a promissory note declared on as a forgery in the usual form, by its tenor there appeared there was an omission in one corner of the name "C. J. Stuard, Era," as in the original offered in evidence, Held, not to constitute a variance, it being made to appear that the same was no part of the original, but might have been simply a memorandum made by the holder, and as such it was not necessary to set it out in the indictment.

**3. Forgery—Fictitious Signature—Fraudulent Intent.**

Where the note given with intent to defraud was the consideration for certain clothing bought by appellant from L., and was executed in the presence of L., that fact would render it none the less forgery though the defendant signed a fictitious name, or one other than his own, his name being unknown to L. except as stated by him to L. at the time and as signed to the note.

**4. Same—Charge of Court—Special Instruction.**

The court not having copied the statute in his charge on forgery, appellant embodied it in a special charge and requested that it be given to the jury, which was refused. Held, the court's charge, however, having submitted all the constituent elements of the crime of forgery, was a sufficient definition of the offense, and it was not necessary to copy the statute as requested.

APPEAL from the District Court of Cook. Tried below before Hon. D. E. BARRETT.

Appeal from a conviction for forgery; penalty being two years confinement in the penitentiary.

The case generally is sufficiently stated in the opinion of the court. We make the following statement taken from the evidence:

Ed. Leidtke (prosecutor) testified in substance, that on or about the time mentioned in the indictment he was carrying on a mercantile business in Gainesville, Texas, on the west side of the public square; that the defendant came into his store and bought a suit of clothes and a pair of shoes for $11.75, and after he had bought them he wanted time, and that he (Leidtke) filled up a blank note for $11.75 due in ninety days, and the defendant signed it in his presence in the name of C. J. Stuard; that the defendant signed it as his own name,

and never once pretended .to be signing the name of another person. "I would have sold the goods to him just as readily and given him credit had he signed his name as John Smith or any other name. I sold the goods and gave the credit to the man and not to the name. I knew the defendant by sight at the time, but did not know his name. I never knew anyone by the name of C. J. Stuard. I had seen the defendant about town several times before this time. As stated before, the defendant executed the note in my presence as his own and not that of anyone else. He never once claimed he was signing the note for anyone but himself, or that he was signing any name but his own."

This was substantially all the evidence introduced by the State as to the transaction. Appellant demurred to the evidence and the court overruled the demurrer.

*Green & Blanton,* for appellant.—The court erred in overruling defendant's demurrer to the evidence. Penal Code, art. 530; 8 Am. and Eng. Enc. of Law, bottom page 471, and note and authorities cited; Dunn's case, 1 Leach C. C., 57; Commonwealth v. Baldwin, 77 Mass., 197; 71 Am. Dec., 703; Desty Crim. Law, sec. 150d, and authorities cited.

The court erred in overruling defendant's objection to the introducton in evidence of the note because of a material variance between the instrument offered in evidence and the one set out in the indictment.

The note offered in evidence has the name C. J. Stuard written twice upon its face, while the note set out in the indictment has it written upon its face but once. The note offered in evidence has the word "Era" written upon its face, while the note set out in the indictment has no such word. Thomas v. State, 18 Texas Crim. App., 213; Whart. Crim. Ev., 9 ed., sec. 114, and authorities cited.

Mr. Wharton, in his above cited work on Evidence, says: "When an indictment undertakes to set forth, as in forgery or libel, a document according to its tenor, or as follows, then any variance as to the words of the document, unless such variance is a mere fault of misspelling, is fatal."

We think there is a marked variance between the instrument offered in evidence and the one set out in the indictment and that the court committed a reversible error in overruling defendant's objection.

The court erred in refusing to give to the jury defendant's requested charge number 2, because the same contained the statutory definition of forgery, and under the facts of this case it was highly important to tell the jury that unless the instrument set out in the indictment was made by the defendant at the time, purporting to be the act of some person other than defendant, they should acquit him.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of forgery, and his punishment assessed at two years confinement in the penitentiary.

The indictment contained four counts, charging forgery, uttering a forged instrument, and having in possession a forged instrument with intent to pass it. The court submitted the first count in his charge to the jury, omitting the remaining three. This was proper.

The instrument was set out according to its tenor, as follows:

"$11.75.                    GAINESVILLE, TEXAS, June 8th, 1899.

"Ninety days after date, for value received, promise to pay to Ed Liedtke or order eleven and 75/100 dollars, at his office in Gainesville, to bear interest at the rate of 10 per cent per annum from date; and further hereby agree that, if this note is not paid when due, to pay all cost necessary for collection, including ten per cent. for attorney's fees.

"Due Sept. 8th.

"(Signed)      C. J. STUARD."

The note introduced in evidence was as follows:

"$11.75.                    GAINESVILLE, TEXAS, June 8th, 1899.

"Ninety days after date, for value received, promise to pay to Ed Liedtke or order eleven and 75/100 dollars, at his office in Gainesville, to bear interest at the rate of 10 per cent per annum from date; and further hereby agree that, if this note is not paid when due, to pay all cost necessary for collection, including ten per cent. for attorney's fees.

"Due Sept. 8th.

"(Signed)      C. J. STUARD.

"C. J. Stuard, Era."

It is claimed there was a variance in this; that the instrument declared on has the name "C. J. Stuard" only once, whereas that offered in evidence has it twice, followed by the name "Era." As shown in the bill of exceptions reserved to the action of the court overruling the demurrer to the evidence, the words "C. J. Stuard, Era," were written below the note, and were not a part of the note. We do not understand this constitutes a variance. "Era" is the neighborhood in which he lived, as stated by him to the witness Liedtke at the time of the execution of the note. If this was simply a memorandum written by the witness Liedtke at the time, it did not form a part of the note, and it was not necessary to set it out in the indictment, and would therefore constitute no variance.

It is contended the court should have sustained the demurrer to the evidence. We do not agree to this contention. The fact that the note was executed by defendant in the presence of Liedtke, and given in

consideration of the purchase price of some clothing bought of Liedtke, would render it none the less forgery. He signed a name that was not his own to the note, stating at the time he lived at Era, some distance away from the town of Gainesville, the place of the execution of the note, when in fact he lived in the northern portion of said town. His name was unknown to Liedtke, except as stated by appellant and as signed to the note. It would make no difference whether he signed it in the presence of Liedtke or not. If the name was the name of another, or fictitious name, and the note was signed with intent to defraud, it would be forgery, and the evidence, as we understand it, shows a fraudulent intent.

The court did not copy the statute in his charge. Appellant embodied it in a special charge, and requested it to be given to the jury, which was refused. The court's charge, however, submitted all the constituent elements of the crime of forgery, and this was a sufficient definition of the offense. It is not necessary to copy the statute, if all the essential ingredients and elements of the offense are stated in the charge. We think the charge is sufficient in regard to this matter. Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for rehearing filed March 13, 1900, was overruled without a written opinion.—Reporter.]