FRED L. FELAN V. STATE

No. 27,388. February 2, 1955
Rehearing Denied March 30, 1955

*Theo. Pat Henley,* San Antonio, for appellant.

*Austin F. Anderson,* Criminal District Attorney, *Richard J. Woods,* Assistant Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

On February 21, 1952, judgment was rendered against appellant, Fred L. Felan, upon his plea of guilty to the offense of assault with intent to rob in the criminal district court of Bexar County, and his punishment was assessed at three years in the penitentiary.

Imposition of sentence was suspended and appellant was placed on probation, one condition of his probation being that he not violate the penal laws of the State of Texas.

On August 3, 1954, the district attorney filed a motion to revoke the probation of appellant, alleging that appellant, on August 1, 1954, by force, attempted to break and enter a filling station with the intent to commit the offense of theft.

After a hearing on said motion, the court found that the conditions of such probation had been violated by appellant in an attempt to enter a filling station as alleged, and thereupon, the court revoked the order of probation.

On August 20, 1954, sentence was pronounced in accordance with the judgment of February 21, 1952, at which time appellant gave notice of appeal.

A statement of facts only on the hearing to revoke the probation accompanies the record.

The state's testimony reveals that a filling station showed evidence of an attempted entry and that appellant was seen going rapidly away from the filling station about 2 a.m. on the date in question; that his automobile was found at the back of the station and there was a crow-bar at the back door of said station; and that a short time later appellant, breathing heavily, was discovered near the station. The arresting officer testified that he tested the automobile and found no mechanical defects.

Appellant denied attempting to burglarize the station and testified that because of mechanical trouble with his automobile he had left it at the station while on his way home from a dance.

Any fact may be established by circumstances, as well as by direct testimony.

We conclude that the trial court did not abuse his discretion in revoking the order granting appellant probation.

The judgment of the trial court is affirmed.

Opinion approved by the Court.

DAVIDSON, Judge, dissenting.

Being unable to agree with my brethren that this case should be affirmed, I enter this my dissent.

I come directly to the legal proposition here involved.

On the 21st day of February, 1952, appellant was convicted of a felony, with punishment assessed at three years in the penitentiary.

Imposition of sentence upon that conviction was suspended and appellant was placed upon probation by the trial court. Among the conditions of the probation imposed by the trial court and accepted by appellant was that "he not violate the penal laws of the State of Texas."

While the probation was in force and effect and on the 3rd day of August, 1954, the state filed its motion seeking to have the probation, theretofore granted, revoked. The sole ground for such motion was that "during the term of said probation and on or about the 1st day of August, A.D. 1954, the defendant did, in the County of Bexar and State of Texas, then and there by force, threats and fraud, break and attempt to enter a house there situated, and under the care and control of Albert T. Anderson, with intent to commit theft. . . ."

Upon the hearing of the motion, appellant insisted that, among other things, the hearing upon the motion to revoke be postponed and held in abeyance until he had been given a trial for the offense alleged and upon which revocation of the probation was asked.

The motion to postpone was overruled, and the hearing proceeded upon the motion to revoke.

After hearing the motion and evidence submitted in support thereof, the trial court revoked the probation and imposed sentence upon the judgment originally entered.

From such judgment, notice of appeal was given to this court.

The statement of facts adduced upon the hearing to revoke does not reflect that appellant has violated any penal law of this state—that is, that he has been tried and convicted of any law violation or that he has been charged, by legal accusation, with any violation. The statement of facts does not reflect facts and circumstances which suggest that appellant may have committed the offense of attempt to commit the crime of burglary. He is not shown to have been tried or convicted of any offense which might have arisen out of such circumstances.

It is upon the facts stated that the trial court reached the conclusion that the penal laws of this state had been violated by the appellant contrary to the conditions of probation.

The Adult Probation and Parole Law (Art. 781b, Sec. 3, Vernon's C.C.P.) authorizes the trial courts to determine the terms and conditions of probation.

Here, the trial court fixed the condition not that the appellant should thereafter be charged with a violation of the laws but, rather, that he should not violate the laws.

When has one violated the penal laws of this state? Has he violated the law when he is suspected thereof or arrested by some officer and charged therewith? Certainly the answer is, "No." One has not violated the penal laws of this state until he shall have been tried and convicted in the courts. One may commit acts-which are unlawful and which would authorize his conviction. One does not violate the law merely because he is suspected of doing so and is arrested on such suspicion; if the converse were true, there would be no necessity for a trial. To hold that one has violated the law, short of trial and conviction, would destroy our entire jury system, where the right of trial by jury is inviolate. Acceptance of the state's position in this · case is tantamount to so holding.

If appellant is here shown to have violated the law it is because he has committed acts which might authorize his conviction—and this, without an indictment, without a trial by jury, without an opportunity to defend against the accusation, and without any of the legal formalities necessary to a trial and conviction for a felony under the Constitution and laws of this state.

If appellant is guilty of the offense of attempted burglary, the courts of this state are available in which to try him for that violation of the law. Until he has been so tried and convicted, the trial court was without authority to so find and to revoke the probation of sentence for that reason.

If appellant has violated the law, let the state establish such in accordance with law. When so established, a conviction may be utilized to revoke the probation for the reason here sought to be invoked. Until appellant has been accorded such a trial it cannot be said that he has violated the penal laws of this state.

The judgment revoking probation and imposing sentence should be set aside and the cause remanded for a new trial.

### ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

A condition of the order granting probation not mentioned in the original opinion, and not referred to in the motion of the district attorney to revoke probation, was that appellant "seek and keep gainful employment." The agreed statement of the evidence adduced at the hearing on the question of whether the probation should be revoked contains the statement "The evidence also reveals that the defendant was not employed at the time of arrest, and had only worked 3 or 4 days over a period of months."

The court's order revoking the probation includes the following: "Further, the Court is of the opinion and finds that the defendant, Fred L. Felan, did violate a condition of his probation in that he failed to keep steadily employed during the time of his probation."

For this additional reason we are unable to agree that the trial court abused his discretion in revoking probation.

Appellant's motion for rehearing is overruled.