JOE ALEXANDER v. STATE

No. 27,401. February 2, 1955.

No attorney for appellant of record on appeal.

*Dan Walton*, District Attorney, *Eugene Brady*, Assistant District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

This is an appeal from an order revoking probation.

On April 5, 1954, appellant plead guilty to the offense of passing as true a forged instrument in the criminal district court of Harris County; his punishment was adjudged at 2 years' confinement in the penitentiary, and the execution of the sentence was probated.

On August 31, 1954, in said court, came on to be heard a motion to revoke probation, alleging that on August 12, 1954, the appellant had committed the offense of driving while intoxicated. Appellant was represented by counsel at the hearing.

Alberta Jackson testified that the automobile in which she was riding had been run into by a truck. She stated that only she, the appellant, and her husband were present at the scene and that appellant's breath smelled like beer. She declined to testify that appellant was intoxicated.

James Jackson testified that following the collision he went back to the truck which had run into his automobile and saw the appellant getting out on the driver's side, that he thought the appellant had been drinking but he also declined to say whether or not the appellant was intoxicated. Jackson stated that the officers arrived in approximately fifteen minutes.

Officer Walker testified that he arrived at the scene of the collision at approximately 9:40 p.m. on August 12 and there observed the appellant, smelled an alcoholic odor on his breath, noticed his manner of speaking, saw him walk with a swaying motion and concluded that he was intoxicated.

Appellant did not testify but offered his co-worker Felts, who testified that the appellant had not been drinking when he saw him last at approximately 6:00 or 6:30 on the night in question.

There are no bills of exception in the record, and we find the evidence sufficient to support the action of the court in revoking probation.

No abuse of discretion being shown, the judgment is affirmed.

DAVIDSON, Judge, Dissenting.

For the reasons stated in my dissenting opinion this day filed in Felan v. State, (No. 27,388, page 295, this volume.) 276 S.W. 2d 825. I cannot agree to the affirmance of this judgment. I therefore enter my dissent thereto.

A hearing to determine if probation of sentence should be revoked is not the tribunal, time, or place to try out the issue of whether the probationer is guilty of violating the law.