GUILLERMO COVARRUBIAS v. STATE

No. 31,773. April 6, 1960

*David E. Hume,* Eagle Pass, *Charles W. Tessmer* (on appeal), Dallas, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The offense is burglary with a prior conviction for an offense of like character alleged for the purpose of enhancement; the punishment, 12 years.

Appellant filed no exceptions to the indictment in the trial court but on appeal contends that the indictment is fundamentally defective because it did not properly allege the prior conviction. Appellant insists that the indictment failed to describe the prior offense but merely alleged a legal conclusion that he had been previously convicted of an offense of like character which allegation has been held insufficient to allege a prior conviction in Therrell v. State, 161 Tex. Cr. R. 67, 289 S.W. 2d 578 and other cases cited by appellant.

The indictment was in two paragraphs. The first paragraph charged the commission of the primary offense on or about the 9th day of March 1959. In the second paragraph the prior conviction was alleged and reads in part as follows:

"And the Grand Jurors aforesaid do further present that prior to the commission of the aforesaid offense by the said Guillermo Covarrubias, to-wit, on the 31st day of October 1955, in the District Court of Maverick County, Texas in Cause No. 1646 on the docket of said court, the said Guillermo Covarrubias was duly and legally convicted in said last named Court of a felony less than capital and one of like character as alleged against him in the first paragraph hereof, to-wit, burglary with intent to commit theft * * * ."

The quoted provision of the indictment alleges more than the legal conclusion that appellant had been previously convicted of an offense of like character and alleges that the prior conviction was for the offense of burglary. Such was a sufficient allegation and description of the prior conviction and offense.

The state's evidence was undisputed that on the night of March 9, 1959, a building occupied and controlled by Mike Chorgas, the prosecuting witness, was broken into and entered without his consent. An adding machine was taken from the building and on the night in question the appellant was apprehended by a deputy sheriff some block and a half from the building as he was running in an alley carrying the stolen adding machine. When asked by the deputy sheriff where he got the adding machine appellant refused to tell.

Appellant, testifying as a witness in his own behalf, denied breaking and entering the building and stealing the adding machine and stated that he was carrying it for a companion who had gone in the building and brought the adding machine out and given it to him.

In proving the prior alleged conviction the state offered in evidence the indictment, verdict, judgment and sentence in cause No. 1646 styled, The State of Texas v. Guillermo Covarrubias on the docket of the district court of Maverick County which showed that on October 31, 1959, the defendant named therein was convicted of the offense of burglary.

The judgment recites that it was rendered on October 31, 1959, and the sentence recites that it was pronounced on the same day. We find no merit in appellant's contention that there was a fatal variance between the allegation and proof as to the date of the prior conviction because of a recitation in the judgment and sentence that they were signed by the trial judge on November 2, 1959, and because the instruments were shown to be filed in the cause on November 3, 1959. The date of the conviction was the date that sentence was pronounced upon appellant in open court. Goodale v. State, 146 Tex. Cr. R. 568, 177 S. W. 2d 211. This sentence was in fact the final judgment in the case. Ex parte Hayden, 152 Tex. Cr. R. 517, 215 S. W. 2d 620. The sentence introduced in evidence shows that it was pronounced on October 31, 1959, which was the alleged date of the prior conviction.

Proof of the appellant's identity as the person previously

convicted in the cause is found in his own testimony on cross examination when he testified as follows:

"Q Have you ever been convicted of a felony? A Yes, sir.

"Q How many times? A Just once.

"Q In this State? A Yes.

"Q In some other State? A Not a felony; a misdemeanor.

"Q What was the offense? A Burglary.

"Q. Is that the same offense that's been charged against you now? A Yes."

The state's failure to prove the date that the prior offense was committed did not render the evidence insufficient. The proof shows that appellant's prior conviction for the offense had become final before he committed the primary offense and was sufficient to invoke the provisions of Art. 62, V.A.P.C.

We have examined the court's charge in the light of appellant's claim of fundamental error therein and find no error calling for a reversal of the conviction.

The court's failure to define burglary does not present error in view of the court's having defined the terms "force" and "breaking" "entry" and "theft" and in applying the law to the facts required the jury to find the constituent elements of the offense of burglary before finding appellant guilty of the primary offense. Lights v. State, 21 Tex. App. 308, 17 S. W. 428 and Adkins v. State, 41 Tex. Cr. R. 577, 56 S. W. 63.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.