**Bennie Dean McALPINE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43380.**

Court of Criminal Appeals of Texas.

Jan. 27, 1971.

Dick Harbin, Dublin, for appellant.

Sam Cleveland, Stephenville, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation.

On July 14, 1969, appellant was convicted for the subsequent offense of driving a motor vehicle upon a public highway while intoxicated. The imposition of sentence was suspended, and appellant was then placed upon probation for a term of five years upon the condition, among others, that he commit no offense against the laws of the State of Texas.

On December 8, 1969, the State filed a motion to revoke probation alleging that on December 7, 1969, appellant had violated the terms of his probation by driving a motor vehicle upon a public highway while intoxicated. On December 18, 1969, proba-

**316**

tion was revoked, and sentence was pronounced.

At the revocation hearing Highway Patrolman David Coffee testified that on the night of December 7, 1969, he, his partner and a game management officer were parked near the Club Lake, north of Stephenville, operating a radar unit when he saw two vehicles approaching, and one of the vehicles passed the other at a high rate of speed in a no-passing zone. Coffee then turned the patrol car around and pursued the speeding vehicle. During the pursuit, he checked his speedometer and testified that the vehicle was travelling at a speed in excess of one hundred miles an hour and went back and forth across the center line of the highway. After chasing the vehicle for several miles, he was finally able to stop it at Morgan Mill where he removed the appellant from behind the wheel. Coffee testified that appellant was weaving and staggering and had a strong odor of alcohol about him. Several full, partially filled and empty containers of various types of alcoholic beverages were found in the automobile. Officer Coffee also testified that in his opinion appellant was intoxicated.

The trial court had before it sufficient evidence to conclude that appellant drove an automobile upon a public highway while intoxicated. Alexander v. State, 161 Tex.Cr.R. 66, 274 S.W.2d 831.

Appellant seeks to have us review alleged errors in the original trial when probation was granted. No notice of appeal was given at that time.

Article 42.12, Section 8, Vernon's Ann. C.C.P., provides for the right to appeal at the time of conviction when probation is granted. The only appeal before us is the appeal from the revocation of probation. Pitts v. State, Tex.Cr.App., 442 S.W.2d 389. The sole issue is whether the judge abused his discretion in revoking probation.

There is no showing of an abuse of discretion. The judgment is affirmed.