**Don Lee DAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 44385.

Court of Criminal Appeals of Texas.

Dec. 21, 1971.

Weldon Holcomb, Tyler, for appellant.

Curtis L. Owen, Dist. Atty., Tyler, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation.

On March 16, 1970, appellant was convicted for the misdemeanor offense of driving a motor vehicle upon a public highway while intoxicated. The punishment, a jail term of eighteen days and a fine of $200, was probated for six months. A condition of probation was that he commit no offense against the laws of this State.

A motion to revoke probation was filed August 12, 1970. It alleged the appellant violated a condition of his probation on July 11, 1970, by driving a motor vehicle on a public highway in Upshur County while intoxicated.

Two highway patrolmen testified that they saw the appellant driving on a public highway in an erratic manner. They stopped him and noticed that he had a strong odor of alcohol on his breath. Both testified that he was very intoxicated. The evidence is sufficient to show that he was driving on a public highway while intoxicated. See Alexander v. State, 161 Tex. Cr.R. 66, 274 S.W.2d 831.

The main contention of the appellant is that the probation should not have been revoked, because he was not finally convicted for the commission of the offense alleged for revocation.

It has been the consistent holding of this Court that where a commission of an offense is alleged and proved, no final conviction is necessary for the revocation of probation. Mason v. State, Tex.Cr.App., 473 S.W.2d 15; Dunn v. State, 159 Tex. Cr.R. 520, 265 S.W.2d 589. Counsel for the appellant recognizes this but asks us to

change the rule. We have declined, as we do now, to require a conviction to revoke probation.

No abuse of discretion has been shown.

The order revoking probation is affirmed.