Jose Casanova **TIJERINA, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45359.**

Court of Criminal Appeals of Texas.

June 7, 1972.

Rehearing Denied July 26, 1972.

Gowdy & Hall by Billy Hall, Littlefield, for appellant.

Andy Shuval, Dist. Atty., Hereford, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from an order revoking probation.

On April 6, 1970, appellant entered a plea of guilty to the offense of driving while intoxicated, subsequent offense, and punishment was assessed at three years. The imposition of sentence was suspended and appellant was placed on probation. One of the terms and conditions of probation was that he commit no offense against the laws of this or any other state or of the United States.

On August 8, 1971, a motion to revoke probation was filed. On August 19, 1971, an amended motion was filed alleging that appellant violated the terms of his probation "by violating the laws of the State of Texas in that the defendant was driving while intoxicated on a public highway in Randall County, Texas, on or about August 1, 1971."

A hearing was held on August 19, 1971, and upon completion of said hearing, the court found that appellant "did violate such terms of your probation in that you were in an intoxicated condition on or about August 1, 1971, in Randall County, Texas, and that you were driving an automobile upon a public highway in Randall County, Texas, on or about August 1, 1971, while intoxicated or under the influence of intoxicating liquor, and therefore, the Court finds that your probation should be revoked and it is so ordered."

First, appellant contends that the trial court abused its discretion in revoking the probation, alleging that the evidence is insufficient.

Highway Patrolman Ronald E. Boyter testified that he observed the manner in which appellant was driving his automobile; after the car was stopped, he observed appellant's walk, smelled his breath, heard him talk, and was in his presence approximately three minutes. He testified that in his opinion the appellant was intoxicated. Patrolman Boyter was shown to be qualified to testify and give his opinion as to the intoxication of a person. We conclude that the evidence is sufficient. See, e. g., Day v. State, Tex.Cr.App., 474 S.W.2d 246.

Finally, appellant contends that the trial judge committed reversible error when he stated: "Suppose we just don't hear it. I don't believe it is needed. I sustain the objection." The comments referred to were made by the court when appellant objected to testimony relating to a breathalyzer test. We overrule appellant's contention that such was reversible error. There is no showing that the appellant was prevented from presenting any evi-

dence on his behalf. Further, no objection was made to the court's remarks and the error, if any, was waived. See Lipscomb v. State, Tex.Cr.App., 467 S.W.2d 417, and cases cited therein.

There being no abuse of discretion, the judgment is affirmed.