**Fred RIVERA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50532.**

Court of Criminal Appeals of Texas.

Nov. 12, 1975.

Rehearing Denied Dec. 10, 1975.

Robert G. Chappell, Abilene, for appellant.

Frank Ginzel, Dist. Atty., Colorado City, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The appellant appeals from his conviction for knowingly permitting a roulette wheel used for gaming purposes to remain in his possession and on premises under his control; a jury assessed the appellant's punishment at confinement in the county jail for 365 days.

The appellant's only complaint is of the court's instruction to the jury. The appellant was indicted for keeping and exhibiting for the purpose of gaming a roulette wheel; he was convicted for committing, on December 8, 1973, the lesser included offense, a violation of Art. 630, V.A.P.C. Included in the court's charge was an instruction on the lesser included offense; the court in Paragraph V instructed the jury as follows:

"You are further instructed that if you find and believe from the evidence beyond a reasonable doubt that the defendant knowingly permitted a gaming roulette wheel to remain in his possession and on premises under his control, and to be used for gaming purposes, and you have a reasonable doubt that the defendant was at the time and place in question the keeper of such roulette wheel as that term is defined herein, then you will find the defendant guilty of knowingly permitting a gaming roulette wheel to remain in his possession and under his control, and to be used for gaming purposes."

The appellant made a timely objection to Paragraph V of the court's charge on the ground that it failed to apply the law to the facts of the case. This was the only objection made to the quoted charge.

The only charge given concerning the lesser included offense was the one quoted; an abstract charge on the law as provided by Art. 630, V.A.P.C. was not submitted to the jury. The charge submitted did, in fact, apply the law to the facts of the case, and the charge is not vulnerable to the objection made by the appellant. The charge submitted was adequate.

"Instructions applying the law to a particular theory are customarily framed so that they will set forth a hypothetical statement which specifically enumerates each of the evidence-supported ultimate facts essential to the establishment of the theory. Instructions thus framed will accomplish a submission of the issues of the theory even if there be absent from the charge any discussion of applicable abstract law." Bowmer, Jones, and Miller, *The Charge In Criminal Cases*, XII Baylor L.Rev. 261, 270 (1960)

See also, *Mangan v. State,* 168 Tex.Cr.R. 265, 324 S.W.2d 849 (1959); *Covarrubias v. State,* 169 Tex.Cr.R. 288, 334 S.W.2d 187 (1960); *Wheat v. State,* 442 S.W.2d 363 (Tex.Cr.App.1969).

The judgment is affirmed.

Opinion approved by the Court.

DOUGLAS, J., not participating.