**Steven Michael CLICK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–87–104–CR.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 4, 1988.

Rehearing Denied March 10, 1988.

Michael E. Sieber, Victoria, for appellant.

James A. Hensarling, Dist. Atty., Edna, for appellee.

Before KENNEDY, UTTER and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

The appellant, Steven Michael Click, was tried for the offense of driving while intoxicated, convicted by a jury and sentenced to two years confinement, probated for two years, with a $1000.00 fine. In his sole point of error, appellant claims that his conviction should be reversed because his arresting officer failed to make a videotape recording of him in violation of Tex.Rev. Civ.Stat.Ann. art. 6701*l*–1 note, § 24 (Vernon Supp.1987). We affirm.

The appellant was arrested for driving while intoxicated in Jackson County and was taken to a Jackson County jail. Appellant concedes that Jackson is a county with a population of fewer than 25,000. He was asked to and did take a breath intoxilyzer test, recording an alcohol concentration of 0.16. Jackson County owns the equipment necessary to make videotape recordings, but, according to the testimony of the arresting officer, has a policy of only making such recordings when the suspect refuses to take a breath intoxilyzer test. Since appellant took the test, no video recording was made.

§ 24 of the statute to which appellant points us provides:

(a) Each county with a population of 25,000 or more according to the most recent federal census shall purchase and maintain electronic devices capable of visually recording a person arrested within the county for an offense under Article 6701L–1, Revised Statutes, or Subdivision (2), Subsection (a), Section 1905, Penal Code.

(b) The sheriff of the county shall determine upon approval by the county commissioners court the number of devices necessary to ensure that a peace officer arresting a defendant for an offense listed in Subsection (a) of this section may visually record the defendant's appearance within a reasonable time after the arrest.

(c) The fact that an arresting officer or other person acting on behalf of the state failed to visually record a person arrested for an offense listed in Subsection (a) of this section is admissible at the trial of the offense if the offense occurred in a county required to purchase and maintain electronic devices under this section.

Appellant claims that this section must also be applied to those counties with populations of fewer than 25,000 which have obtained video recording equipment, on equal protection grounds. He further argues that the statute requires not only the purchase of such equipment but the mandatory use of it in all DWI cases. Finally, appellant claims that, when a county has willfully refused to make such a recording when it otherwise could have, the § 24 sanction, allowing admission into evidence of this failure to record, is insufficient and dismissal is required.

■ We agree with the appellant that § 24 requires the mandatory use of video recording equipment in all DWI cases in the counties covered by that statute. *Weaver v. State,* 700 S.W.2d 776 (Tex.App. —Fort Worth 1985, pet. ref'd). However, we hold that the above statute does not apply to counties with populations of fewer than 25,000, and, even if it did, that the

statute itself provides the exclusive sanction for its violation.

Appellant premises his equal protection argument on the portion of the opinion in *Weaver,* 700 S.W.2d at 778, suggesting that the statute would be unconstitutionally discriminatory if the courts were to apply the drastic sanction of dismissal for failure to comply in counties of more than 25,000, while prosecutions in counties of fewer than 25,000 remained untouched. The *Weaver* opinion, however, used this as a reason to restrict the creation of additional and unreasonable sanctions and not as a valid argument against applying the statute and its limited sanction to certain counties and not others.

■ Legislation limited in operation to only a portion of the state or prescribing different rules for distinct geographical areas is not invalid for denying equal protection where there is a reasonable basis for the distinction and all persons similarly situated in the same place are equally treated. *Ex Parte George,* 152 Tex.Cr.R. 465, 215 S.W.2d 170, 173 (1948); *Mouton v. State,* 627 S.W.2d 765, 767 (Tex.App.—Houston [1st Dist.] 1981, no pet.). On the civil side, which is also bound by equal protection considerations, providing different levels of law enforcement services to incorporated and unincorporated areas of a county was held to be constitutional in *Weber v. City of Sachse,* 591 S.W.2d 563, 567 (Tex.Civ.App. —Dallas 1979, no writ). And in *Dailey v. Wheat,* 681 S.W.2d 747, 758 (Tex.App.— Houston [14th Dist.] 1984, writ ref'd n.r.e.), the court held a portion of the Probate Code constitutional which provides for district court trials with twelve jurors in less populated counties while limiting the right to probate litigants in larger counties to juries composed of only six members. There is no right to absolutely equal law enforcement services or methods of dispensing justice, and geographical location is a legitimate consideration in determining the level of services the State will require.

■ In the present case, it is rational to require only that more sophisticated police equipment be acquired by counties which are larger and can better afford it.

Moreover, simply because a smaller county chooses to purchase such equipment should not mean that it is thereby forced to use it in all DWI arrests; this would be an incentive for smaller counties to refrain from buying the equipment at all. We hold that § 24 is constitutional as applied only to counties with populations greater than 25,-000 and that Jackson County was under no statutory duty to make a videotape of the appellant.

We affirm the judgment of the trial court.