Affirmed and Memorandum Opinion filed October 21, 2008








Affirmed and Memorandum Opinion filed October 21, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-01049-CR

_______________

 

JOHN MANUEL SANCHEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                                

On Appeal from the 412th District Court

Brazoria County, Texas

Trial Court Cause No. 50,665

                                                                                                                                               


 

M E M O R A N D U M     O P I N I O N

Appellant, John Manuel Sanchez,
challenges his conviction for felony driving while intoxicated.  Appellant
pleaded true to the enhancement paragraph that he had been convicted of driving
while intoxicated twice before, and the jury assessed punishment at confinement
for 10 years.  Appellant contends that the evidence was legally and factually
insufficient to support a finding of intoxication.  We affirm.

 

 

 








Background

Shortly after midnight on October 23,
2005, Surfside Beach Police Officer Earl Felton was traveling northbound when
he noticed appellant traveling southbound and speeding.  Officer Felton stopped
appellant for driving 62 miles per hour in a 40-mile-per-hour speed zone.  No
electronic recording of this traffic stop was made due to mechanical failure of
Officer Felton=s in-car video recording equipment.  The area in which the stop occurred
included an S-shaped curve and few street lights.

Upon reaching the driver=s side door of appellant=s truck, Officer Felton smelled
alcohol on appellant=s breath or person.  Officer Felton also noticed that
appellant had red, glossy eyes.  Officer Felton asked appellant if he had been
drinking that night.  Appellant replied that he had consumed Atwo or three beers.@

Officer Felton asked appellant if he
would submit to any of three different field sobriety tests.  Appellant
declined.  Officer Felton then took appellant into custody, read appellant the
required statutory DWI warnings, and asked appellant to take a breathalyzer
test.  Appellant declined to take a breathalyzer test and refused to sign the
DWI warnings.

Officer Felton testified at trial
that appellant did not slur his speech or sway as he was exiting his truck, and
that appellant was not swerving or driving erratically during the time Officer
Felton observed him.  Officer Felton opined that the area at which he stopped
appellant was Avery dark@ and that appellant was not driving carefully.

Officer Felton opined that appellant
was intoxicated on the evening of October 23, 2005.  Officer Felton testified
that he based his opinion on appellant=s admission to having had alcohol
that evening; appellant=s red, glossy eyes; and the strong odor of alcohol on
appellant=s breath or person.  Officer Felton had been a police officer for five
years at the time he stopped appellant and testified to having made many DWI
arrests.  Officer Felton opined that appellant had lost the normal use of his
mental or physical faculties due to the introduction of alcohol into his body.

Appellant offered no evidence in his
defense.








Analysis

Appellant challenges both the legal
and factual sufficiency of the evidence to support the jury=s finding that he was intoxicated. 
Appellant does not challenge the jury=s findings regarding the other
elements of the offense charged.  

I.          Legal
Sufficiency of Evidence Supporting Finding That Appellant Was Intoxicated      

The offense of felony driving while
intoxicated contains four elements: (1) operation of a motor vehicle; (2) while
intoxicated; (3) in a public place; (4) when the defendant has two or more
previous convictions for any other offense relating to operating a motor
vehicle while intoxicated.  See Tex. Penal Code Ann. _ 49.04(a) (Vernon 2003), _ 49.09(b)(2) (Vernon Supp. 2008).  AIntoxicated@ is defined as Anot having the normal use of mental
or physical faculties by reason of the introduction of alcohol . . . into the
body.@  Id. _ 49.01(2)(A) (Vernon 2003). 
Appellant challenges only the jury=s finding regarding the element of
intoxication.  

In reviewing legal sufficiency of the
evidence, an appellate court will examine the evidence in the light most
favorable to the State to determine whether any rational finder of fact could
have found the essential elements of the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Dewberry v. State, 4 S.W.3d
735, 740 (Tex. Crim. App. 1999).  When reviewing legal sufficiency of the
evidence, the court does not sit as a thirteenth juror and may not re-evaluate
the weight and credibility of the record evidence or substitute its judgment
for that of the fact finder.  Dewberry, 4 S.W.3d at 740.








Reconciliation of conflicts in the
evidence is within the exclusive province of the fact finder.  See Mosley v.
State, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998).  The appellate court=s duty is not to reweigh the
evidence, but to serve as a final due process safeguard ensuring only the
rationality of the fact finder.  See Williams v. State, 937 S.W.2d 479,
483 (Tex. Crim. App. 1996).  An appellate court faced with a record of facts
that supports conflicting inferences must presume C even if not obvious from the record C that the finder of fact resolved any
such conflicts in favor of the State, and must defer to that resolution.  Jackson,
443 U.S. at 326.

The opinion testimony of the
arresting officer alone is legally sufficient to support a finding of
intoxication.  See Annis v. State, 578 S.W.2d 406, 407 (Tex. Crim. App.
[Panel Op.] 1979); Hartman v. State, 198 S.W.3d 829, 835 (Tex. App.BCorpus Christi 2006, pet. struck).  A
defendant=s refusal to take a breathalyzer test may be considered by the fact
finder as evidence of intoxication.  Finley v. State, 809 S.W.2d 909,
913 (Tex. App.BHouston [14th Dist.] 1991, pet. ref=d).

Officer Felton testified to the
following at trial: (1) appellant was driving 22 miles per hour over the speed
limit when Officer Felton initiated the traffic stop; (2) there was an odor of
alcohol on appellant=s breath or person; (3) appellant had red, glossy eyes; (4)
appellant admitted to drinking Atwo or three beers@ earlier in the evening on October
23, 2005; (5) appellant declined to take any field sobriety tests or a
breathalyzer test; (6) appellant refused to sign the required statutory DWI
warnings; (7) appellant had lost the normal use of his mental or physical
faculties due to drinking alcohol; (8) the area where appellant was stopped was
Avery dark@ and appellant was not driving
carefully under the circumstances; and (9) it was his opinion that appellant
was intoxicated.  A rational fact finder viewing this evidence in the light
most favorable to the State could have found beyond a reasonable doubt that
appellant was intoxicated.  See Vaughn v. State, 493 S.W.2d 524, 526
(Tex. Crim. App. 1972); Fontenot v. State, 486 S.W.2d 941, 941-42 (Tex.
Crim. App. 1972); Day v. State, 474 S.W.2d 246, 246 (Tex. Crim. App.
1971). 

We overrule appellant=s issue regarding legal sufficiency
of the evidence to support the jury=s finding that appellant was
intoxicated.

II.        Factual
Sufficiency of Evidence Supporting Finding That Appellant Was Intoxicated  








When conducting a factual sufficiency
review, an appellate court must determine (1) whether the evidence introduced
to support the verdict is Aso weak@ that the fact finder=s verdict seems Aclearly wrong and manifestly unjust,@ and (2) whether, considering
conflicting evidence, the fact finder=s verdict is nevertheless against the
great weight and preponderance of the evidence.  Watson v. State, 204
S.W.3d 404, 414-15 (Tex. Crim. App. 2006).  In the case of rejection of a
defense by the finder of fact, an appellate court reviews all of the evidence
in a neutral light and asks whether the State=s evidence taken alone is too weak to
support the finding and whether the proof of guilt is against the great weight
and preponderance of the evidence.  Zuliani v. State, 97 S.W.3d 589, 595
(Tex. Crim. App. 2003) (citing Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000)).

An appellate court should not
substantially intrude upon the fact finder=s role as the sole judge of the
weight and credibility of witness testimony.  Vasquez v. State, 67
S.W.3d 229, 236 (Tex. Crim. App. 2002).  Due deference still must be given to
the fact finder=s determinations concerning the weight and credibility of the
evidence, and reversal of those determinations is only appropriate to prevent
the occurrence of a manifest injustice.  Martinez v. State, 129 S.W.3d
101, 106 (Tex. Crim. App. 2004) (citing Swearingen v. State, 101 S.W.3d
89, 97 (Tex. Crim. App. 2003)).

In cases based upon circumstantial
evidence, it is not required that all facts point to a defendant=s guilt; it is sufficient if the
combined and cumulative force of all of the incriminating circumstances
warrants the conclusion of guilt.  See Courson v. State, 160 S.W.3d 125,
128 (Tex. App.BFort Worth 2005, no pet.) (citing Johnson v. State, 871 S.W.2d
183, 186 (Tex. Crim. App. 1993) (en banc)).  








Appellant highlights the following
evidence in support of his contention that the evidence was factually
insufficient to support a finding of intoxication: (1) no electronic recording
of appellant=s traffic stop exists to corroborate Officer Felton=s testimony; (2) appellant was within
his rights to decline to submit to any field sobriety tests or breathalyzer
test; (3) Officer Felton testified that appellant did not slur his speech or
sway when exiting his truck; (4) Officer Felton testified that he did not see
appellant swerve or drive erratically; (5) Officer Felton testified that
explanations other than intoxication could exist for appellant=s glossy eyes and speeding and the
odor of alcohol on appellant; and (6) Officer Felton testified that a person
could drink two or three beers and not be intoxicated.

However, the record also contains
ample evidence supporting a finding that appellant was intoxicated, as
described in the above discussion of legal sufficiency.  In addition to that
evidence, when Officer Felton was cross-examined about other reasons why
appellant may have been speeding, had glossy eyes, or smelled of alcohol, he
was asked about each of those traits standing alone; appellant exhibited all of
these traits at once.  Officer Felton did not testify that appellant
specifically could drink two or three beers without becoming intoxicated. 
Officer Felton testified that he only observed appellant=s driving very briefly because he had
to perform a U-turn to initiate the traffic stop and he activated his overhead
lights as soon as he finished turning around.  

Furthermore, the statute requiring
counties with 25,000 persons or more to use video recording equipment in all
DWI cases provides the exclusive sanction for its violation.  See Click v.
State, 745 S.W.2d 480, 482 (Tex. App.BCorpus Christi 1988, pet. ref=d) (allowing admission into evidence
of failure to record).  Under the statute, the failure to record a traffic stop
does not go so far as to create a presumption of a defendant=s innocence. 

Appellant argues that Officer Felton
only testified to three of the six examples of evidence of intoxication found
in Cotton v. State, 686 S.W.2d 140, 142 n.3 (Tex. Crim. App. 1985)
(slurred speech, bloodshot eyes, unsteady balance, staggered gait, odor of alcohol
on breath, odor of alcohol on person); see also Harris v. State, 204
S.W.3d 19, 25 (Tex. App.BHouston [14th Dist.] 2006, pet. ref=d).  However, the list found in Cotton
is neither exclusive nor mandatory, as evidenced by its inclusion of the phrase
Aamong other things@ at the end of the list and by the
fact that the list was compiled from individual examples of intoxication
evidence from multiple cases.  See Cotton, 686 S.W.2d at 142 n.3.

The evidence in this case is
factually sufficient to justify the jury=s finding that appellant was
intoxicated.  The jury=s finding is neither Aclearly wrong and manifestly unjust@ nor against the great weight and
preponderance of the evidence. 








We overrule appellant=s issue regarding factual sufficiency
of the evidence to support the jury=s finding that appellant was
intoxicated.

Conclusion

The trial court=s judgment is affirmed.

 

 

 

/s/        William J. Boyce

Justice

 

Judgment rendered and Memorandum
Opinion filed October 21, 2008.

Panel consists of Justices Yates,
Seymore and Boyce.

Do not publish C Tex.
R. App. P. 47.2(b).