**Mark Steven LOVORN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51610.**

Court of Criminal Appeals of Texas.

March 17, 1976.

Rehearing Denied May 27, 1976.

Jim W. Nettles, Beaumont, for appellant.

Tom Hanna, Dist. Atty., and Jimmie R. Stanton, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is an appeal from an order revoking probation.

On November 21, 1973, appellant pled guilty to the offense of forgery of a prescription. Punishment was assessed at four years, sentence was suspended and appellant was placed on probation for a period of four years. On January 4, 1974, the State filed a motion to revoke alleging appellant had violated the terms of probation in that appellant possessed a controlled substance, preludin. This motion to revoke was dismissed upon motion by appellant. On January 20, 1975, the State filed another motion to revoke alleging (1) appellant possessed a controlled substance on or about the 23rd day of December 1974 in Alexandria, Louisiana and (2) that he engaged in an injurious and vicious habit; namely, "subcutanous [sic] injection of a controlled substance, to-wit: Preludin, a drug in tablet form intended and prescribed for oral consumption." On March 21, 1975, a hearing was held and the trial court found the first allegation in the motion to revoke to be untrue and the second allegation true. Appellant's probation was revoked for violation of the condition of probation "avoid injurious and vicious habits", and appellant was sentenced to four years.

Appellant challenges the sufficiency of the evidence to support the trial court's order revoking his probation. The evidence supports the finding that appellant was injecting preludin, a drug for which appellant had a lawful prescription from a doctor in Mississippi. However, there is no showing that the prescription drug preludin is or contains a controlled substance as alleged in the motion to revoke probation.

■ The witness Baker, a probation officer,[1] testified that preludin was not an amphetamine and did not react in the body the

---

1. The witness Baker stated he knew appellant had a drug problem and he was able to get appellant into a federal drug program in Arizona. Thus, statements made by appellant to

Baker might have been inadmissible under Article 38.101, V.A.C.C.P. However, failure to object on this basis waived the privilege.

same as amphetamines or stimulants. Baker was unable to state whether the drug preludin had an effect on the digestive system and gland system, but stated it would probably slow down the circulation. Baker also stated he did not know the generic name for preludin and that preludin was the only name he knew.

Preludin is not listed as a controlled substance in the Controlled Substances Act. The State made no offer of proof of the chemical composition of the drug preludin. The record reveals only that preludin is prescribed in the control of diet and as a mood changing drug to alter emotions.

 The evidence does not prove by a preponderance of the evidence the State's allegation that appellant injected a controlled substance. See *Kubat v. State*, Tex. Cr.App., 503 S.W.2d 258. The trial court abused its discretion in entering the order revoking appellant's probation.

The judgment is reversed and the cause remanded.