Larry WHISENANT, Appellant,

v.

The STATE of Texas, Appellee.

No. 55319.

Court of Criminal Appeals of Texas.

Oct. 26, 1977.

Randall L. Rouse, Amarillo, for appellant.

Thomas A. Curtis, Dist. Atty. and Bruce P. Sadler, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation.

On May 28, 1976, appellant was convicted of the offense of burglary; punishment was assessed at imprisonment for 3 years, but the imposition of sentence was suspended and the appellant was placed on probation. Two of the conditions of probation were that the appellant commit no offense against the laws of this State and that he abstain from the use of alcohol in any form at any time. After hearing the State's motion to revoke probation the court found that on November 17, 1976, appellant had violated a condition of probation in that he had driven a motor vehicle upon a public highway while intoxicated. The court reduced punishment from 3 to 2 years and sentence was imposed on December 28, 1976.

The appellant contends that: (1) he was deprived of the right of due process since he was not granted a preliminary hearing to determine whether there was probable cause to revoke probation; (2) he was deprived of the right of due process since the judge at the revocation hearing was the same judge who had granted probation; (3) there was a variance between the allegations of the motion to revoke and the evidence; and (4) the evidence is insufficient to support a finding that appellant violated a condition of probation.

■ The appellant urges that he was entitled to a preliminary hearing to determine if there was probable cause to believe that he had violated a condition of probation. He cites and relies upon *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

In both *Morrissey v. Brewer,* supra, and *Gagnon v. Scarpelli,* supra, the Supreme Court of the United States considered procedures far different from those in this state. Morrissey, a parolee from the Iowa State Penitentiary, was arrested at his home. After reviewing a parole officer's written report the Iowa Board of Parole, without granting him a hearing, recommitted Morrissey to the penitentiary. Morrissey argued that his right to due process entitled him to a hearing. The State argued that no hearing was required.

The Supreme Court held that there had been a denial of due process and found that an alleged parole violator should be given a preliminary hearing "reasonably near" the place of his arrest and "as promptly as convenient after arrest" to determine whether there is probable cause or reasonable grounds to believe that the arrested parolee has committed acts which would constitute a violation of parole conditions. The Court said that although it would not be proper and fair for the parole officer who recommended the revocation of parole to hold the hearing, it would be proper for a "neutral and detached" parole officer to conduct the hearing, and that it was unnecessary for the hearing to be conducted by a judicial officer. The Court then said that at a later time—two months would not appear to be unreasonable—the parolee should be accorded a final hearing with the following minimum requirements of due process:

"(a) Written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking probation. We emphasize there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense; it is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial.

"We do not reach or decide the question whether the parolee is entitled to the assistance of retained counsel or to appointed counsel if he is indigent."

The preliminary hearing was required because "there is typically a substantial time lag between the arrest and the eventual determination by the parole board whether parole should be revoked"; the determination of probable cause is "to warrant the parolee's continued detention . . ."

Scarpelli, after conviction, was placed on probation in custody of the Wisconsin Department of Public Welfare. He was later allowed to reside in Illinois, where he was accepted for supervision by the Adult Probation Department of Cook County. Scarpelli was apprehended during the course of a burglary in Illinois. He was apprised of his constitutional rights and confessed his guilt. Probation was revoked without a hearing by the Wisconsin Department of Public Welfare, and Scarpelli was incarcerated in the state reformatory and was never afforded a hearing.

The Supreme Court held that a probationer, like a parolee, is entitled to a preliminary hearing and to a final revocation hearing under the conditions specified in *Morrissey v. Brewer,* supra, and that the circumstances of a particular case must be considered to determine whether the probationer is entitled to counsel at the final revocation hearing. The question raised by appellant has been answered contrary to his contention. *Ex parte Shivers,* 501 S.W.2d 898 (Tex.Cr.App.1973); and *Grant v. State,* 505 S.W.2d 259 (Tex.Cr.App.1974).

The procedure for revoking probation in this state is far different than the procedures which prompted the Supreme Court to set the minimum requirements in *Morrissey v. Brewer,* supra, and *Gagnon v. Scarpelli,* supra. Probation in this state is supervised by the court and not by an administrative agency. Art. 42.12, V.A.C.C.P. The proceeding to revoke probation, although not the same as a criminal trial, requires substantially all the same procedure. When probation is granted under the law of this state, the imposition of sentence is suspended. Art. 42.12, Sec. 3, V.A.C.C.P. When it is believed that a probationer has violated a condition of probation, a written motion to revoke probation is filed, and a warrant or capias is issued for the arrest of

the probationer. If not released on bail after being arrested, the probationer may move for a hearing, and the motion to revoke is dismissed if not heard within twenty days thereafter. Art. 42.12, Sec. 8, V.A.C.C.P. *Ex parte Trillo,* 540 S.W.2d 728 (Tex.Cr.App.1976).

The motion to revoke is heard by a judge of the district court. Art. 42.12, Sec. 8, V.A.C.C.P. If the probationer is indigent, counsel is appointed to represent him. Art. 42.12, Sec. 3b, V.A.C.C.P.; *Ex parte Shivers,* 501 S.W.2d 898 (Tex.Cr.App.1973); *Crawford v. State,* 435 S.W.2d 148 (Tex.Cr.App.1968). An adversary proceeding is afforded the probationer in which almost all of the rules of evidence and criminal procedure are applicable.[1] See *Masters v. State,* 545 S.W.2d 180 (Tex.Cr.App.1977); *Lovorn v. State,* 536 S.W.2d 356 (Tex.Cr.App.1976).

Upon request, the court should make specific findings of fact as to the basis for revocation. *Sappington v. State,* 508 S.W.2d 840 (Tex.Cr.App.1974); *Gamble v. State,* 484 S.W.2d 713 (Tex.Cr.App.1972). The probationer may be continued on probation, the terms of probation may be modified, or probation may be revoked. Art. 42.12, Sec. 6, Sec. 8, V.A.C.C.P. If probation is revoked, the probationer is then sentenced. The court in its discretion may reduce punishment if warranted by the circumstances when revocation of probation is ordered. Art. 42.12, Sec. 8(a), V.A.C.C.P. The accused then is afforded a review of the revocation proceeding aided by counsel, and if indigent, by appointed counsel, before the Court of Criminal Appeals. Art. 42.12, Sec. 8, V.A.C.C.P. The probationer may be released on bond pending appeal of the order revoking probation.

The procedure for revoking probation in this state affords a probationer far greater safeguards than those required by *Morrissey v. Brewer,* supra, and *Gagnon v. Scarpelli,* supra. See also *Grant v. State,* 505 S.W.2d 259 (Tex.Cr.App.1974); *Ex parte Shivers,* supra. That appellant did not receive a preliminary hearing and that the same judge who granted probation heard the motion to revoke did not deprive the appellant of the right of due process granted by the constitutions of this State and of the United States.

■ Appellant also asserts that the trial court abused its discretion in not dismissing the motion to revoke because of a variance between the motion and the evidence adduced at the hearing. The variance to which appellant refers is that the motion stated that appellant had an occupational driver's license permitting him to drive between the hours of 6:00 a.m. and 5:00 p.m., whereas conflicting evidence introduced at the hearing purported to show that appellant's license restricted his driving hours to between 7:00 a.m. and either 9:00 a.m. or 9:00 p.m. The variance is immaterial since appellant was arrested at approximately 2:00 a.m. a time at which he was not permitted to drive.

■ Finally, appellant contends that the evidence is insufficient because the only evidence to support a finding that he had violated any condition of probation was the testimony of the officer who arrested him on November 17, 1976. Officer Russell Daniels testified that appellant was driving his car erratically, that he had a strong smell of alcoholic beverage on his breath, that he appeared to be sleepy, and that he spoke in a slurred tone. Daniels also testified that appellant admitted, upon being arrested, that he had been "drinking" at home. Daniels testified that he was of the opinion that appellant was intoxicated at the time of his arrest. The evidence was sufficient. *McGuire v. State,* 537 S.W.2d 26 (Tex.Cr.App.1976); *Bentley v. State,* 535 S.W.2d 651 (Tex.Cr.App.1976); *Alexander v. State,* 161 Tex.Cr.App. 66, 274 S.W.2d 831 (1955).

The judgment is affirmed.

Opinion approved by the Court.

---

1. In a probation revocation hearing, unlike a criminal proceeding, the burden of proof is by a preponderance of the evidence rather than beyond a reasonable doubt, *Scamardo v. State,* 517 S.W.2d 293 (Tex.Cr.App.1973), and unlike prosecutions for most criminal offenses in this state, the testimony of an accomplice witness is sufficient and need not be corroborated in a probation revocation hearing. *Howery v. State,* 528 S.W.2d 230 (Tex.Cr.App.1975).