**Mark CANTU, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–01–643–CR.**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

July 29, 2003.

Joseph V. Collina, Attorney At Law, Corpus Christi, for Appellant.

Carlos Valdez, Nueces County Dist. Atty., Corpus Christi, for The State.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and CASTILLO.

## OPINION

Opinion by Justice CASTILLO.

Following an evidentiary hearing on appellant Mark Cantu's plea of not true, the trial court found he had violated the terms and conditions of community supervision, revoked it, and sentenced him to five years confinement in the Institutional Division of the Texas Department of Criminal Justice. This appeal ensued. We conclude that Cantu's appeal is frivolous and without merit. We affirm.

## I. BACKGROUND

Originally, Cantu pleaded guilty pursuant to an agreed punishment recommendation and was sentenced to seven years for felony possession of marijuana, which the trial court probated for five years. The trial court extended the term of community supervision to six years after the State filed two motions to revoke. As part of the terms of his community supervision, Cantu was ordered to participate in the Substance Abuse Felony Punishment Facility (SAFPF) and comply with all rules, regulations, and treatment programs imposed by the SAFPF program. He was ordered to remain at the SAFPF facility until released by the trial court. In its third motion to revoke, the State alleged that Cantu committed numerous violations while at the SAFPF facility. The SAFPF program recommended that Cantu be discharged from the facility because he engaged in compulsive negative behavior, raising concerns for the safety of the general population there. The SAFPF program concluded that all attempts to engage Cantu in treatment failed, and his disruptive conduct prevented him and others from benefitting from the program.

On Cantu's motion, by order dated July 18, 2001, the trial court ordered a psychiatric and psychological examination of Cantu. The report is not part of the record. At the beginning of the hearing on the State's third revocation motion, the trial court asked about Cantu's court-ordered psychiatric and psychological examination. Trial counsel informed the court the report had concluded that Cantu was competent to stand trial. Counsel stated, "And on that basis I will agree he's competent to stand trial." He added that Cantu was able to assist in his defense. The trial court asked Cantu about his trial counsel's performance:

THE COURT: Have you had plenty of time to discuss this motion with your attorney?

[CANTU]: Yes, ma'am.

THE COURT: And are you satisfied with the way he's represented you so far?

[CANTU]: Yes, ma'am.

The trial court admitted Cantu's SAFPF records without objection. Cantu's probation officer testified, also without objection, that Cantu did not do well at the facility. Cantu testified in his own defense. The trial court heard that Cantu had participated in the program until he decided he did not want to remain in the program any longer. Cantu said he agreed to participate in the program to help his alcoholism but decided it was a "behaviors punishment facility." Cantu added, "I mean, if I had a behavioral problem, I would have gone to prison instead of going to a place like that." He testified that the program was not working for him. He said he asked several times to speak with counselors at the facility about the problems he had with the program, but they refused to meet with him. When he asked to be discharged, he was given a forty-five day extension for "disrespecting staff and counselors." According to Cantu, the program helped some participants with their behavior but not with their addictions. Cantu also complained to the court that he was falsely accused of being a gang member and that he was slapped on the backside once and reported it, but nothing was done about it. He asked the court to release him from custody so he could continue Alcoholics Anonymous meetings on his own. He told the trial court that he needed a chance to prove himself and that he could do it without alcohol.

On cross-examination, Cantu admitted he had seventy-five disciplinary reports while in the SAFPF facility. He also ad-

mitted he was before the trial court on the State's third motion to revoke. In evidence were all the write-ups describing Cantu's misbehavior at the facility. Cantu explained, "[I]f you put a bunch of alcoholics and drug users and then you put a lot of criminals that have aggravated assaults and all that in the same room, you're not going to have people that are going to get along. You're going to have arguments and all kinds of things going on."

Defense counsel questioned Cantu about his failure to report to his probation officer as alleged by the State in the second motion to revoke. Cantu testified he was unable to report as the result of arrest warrants in Seguin, Guadalupe County, and Colley County. Finally, Cantu admitted he spent time in "lockdown" at the SAFPF facility.

The trial court questioned Cantu and reminded him of his problematic history since the trial court had placed him on community supervision. Cantu admitted he entered the SAFPF on September 20, 2000 and discharged himself on April 26, 2001. The trial judge noted that Cantu was the first person to appear before her to state that the SAFPF program did not work. She reminded Cantu that the first motion to revoke was filed during his first year of community supervision. Rejecting Cantu's request to continue his community supervision, the trial court found that Cantu violated the terms and conditions of his community supervision, revoked it, and sentenced him to five years imprisonment.

## II. APPLICABLE APPELLATE RULES

■ On September 6, 2001, Cantu filed a timely notice of appeal generally asserting his desire to appeal. The rules of appellate procedure governing how appeals proceed in criminal cases were amended effective January 1, 2003. Gen-

erally, rules altering procedure do not fall within the prohibition in the Texas Constitution against retroactive application of laws that disturb vested, substantive rights. *See* TEX. CONST. art. I, § 16; *see also Ibarra v. State*, 11 S.W.3d 189, 192 (Tex.Crim.App.1999). Therefore, this Court applies the current rules of appellate procedure to this appeal. We may not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities. TEX.R.APP. P. 44.3. We also are prohibited from affirming or reversing a judgment or dismissing an appeal if the record prevents the proper presentation of an appeal and can be corrected by the trial court. TEX.R.APP. P. 44.4(a). Accordingly, we abated the appeal on July 21, 2003 and ordered a supplemental record to include, in compliance with rule 25.2(a)(2), the trial court's certification of Cantu's right of appeal. *See* TEX.R.APP. P. 25.2(a)(2). Section 23(b) of article 42.12 of the code of criminal procedure affords a defendant an unrestricted right to appeal from an order revoking regular community supervision, even if that community supervision was the result of an agreed punishment recommendation. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 23(b) (Vernon Supp.2003); *see Feagin v. State*, 967 S.W.2d 417, 419 (Tex.Crim.App.1998) (interpreting former rule 26.2(b)(3)); *see also Mitich v. State*, 47 S.W.3d 137, 140 (Tex. App.-Corpus Christi 2001, no pet.) (same). We received a supplemental record on July 28, 2003 that includes the trial court's certification of Cantu's right of appeal. We now turn to the merits.

## III. DISPOSITION

Cantu's court-appointed appellate counsel filed a brief in which he concludes that this appeal is frivolous. *See Anders v.*

*California,* 386 U.S. 738, 744–45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel certified: (1) he diligently reviewed the record for reversible error; (2) in his opinion, the appeal is without merit; and (3) he served a copy of the brief on Cantu. We originally abated and ordered counsel to notify Cantu of his right to review the record and file a pro se brief if he so desires. Counsel did so, and the time within which we ordered Cantu's pro se brief to be filed has expired. *See Anders,* 386 U.S. at 744–45, 87 S.Ct. 1396; *see also High v. State,* 573 S.W.2d 807, 813 (Tex. Crim.App. [Panel Op.] 1978). Cantu has not filed a pro se brief.

In the *Anders* brief, counsel discusses the record, reviews the revocation proceeding, and finds there is no reversible error shown in the record. *See High,* 573 S.W.2d at 812. Counsel concludes this appeal is frivolous.

### A. Anders Brief

#### 1. Counsel's Evaluation

█ An *Anders* brief must provide references to both legal precedent and pages in the record to demonstrate why there are no arguable grounds to be advanced. *Id.* Counsel's brief contains a professional evaluation of the record. *See Currie v. State,* 516 S.W.2d 684, 684 (Tex. Crim.App.1974). With relevant citation to legal precedent and the record, counsel professionally evaluates the revocation proceeding. While arguable grounds of error should be advanced by counsel as required by *Anders,* if there are any, we do not interpret *Anders* as requiring appointed counsel to make arguments counsel would not consider worthy of inclusion in a brief for a paying client or to urge reversal if, in fact, counsel finds no arguable issue to appeal. *See id.* We hold that counsel's brief is not the "conclusory statement" decried by *Anders. Id.* Counsel does, however, raise one arguable issue on appeal on the grounds of ineffective assistance of counsel.

#### 2. Arguable Ineffective Assistance of Counsel

Counsel contends Cantu arguably was denied the effective assistance of counsel. He asserts that trial counsel failed to: (1) object as hearsay to Cantu's SAFPF records and the probation officer's testimony from the records; and (2) pursue the court-ordered psychiatric examination to a formal competency hearing. Counsel notes, however, that Cantu appeared competent during the hearing. Counsel also notes that in testifying in his own behalf, Cantu admitted he had checked himself out of the SAFPF facility. Counsel concludes that Cantu has failed to meet his burden to show, but for counsel's claimed errors, that the result of the revocation proceeding would have been different.

### B. Independent Review of the Record

█ Since this is an *Anders* case, we independently review the record for error. *See Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *see also Ybarra v. State,* 93 S.W.3d 922, 926 (Tex. App.-Corpus Christ 2002, no pet.).

#### 1. Pre–Trial Motions

The record reflects that the trial court granted Cantu's motion for a psychiatric evaluation. The record does not reflect that Cantu filed any other pre-revocation motions. Thus, the record reflects that the trial court did not make any ruling adverse to Cantu. *See* TEX.R.APP. P. 33.1. We find no arguable error in the trial court's pre-revocation rulings.

#### 2. The Revocation Proceedings

█ The State's motion to revoke quoted condition (O) of the terms and conditions of Cantu's community supervision and specified how Cantu allegedly violated the condition:

O. You will participate in the Substance Abuse Felony Punishment Facility (SAFPF) beginning 08–08–00, for an indeterminate term of not less than nine (9) months nor more than one (1) years, and while there, you will comply with all the rules, regulations, and treatment programs, remaining until released by the Court. You are to remain in the Nueces County Jail (NCJ) beginning 08–08–00 until transported to the SAFPF by the Nueces County Sheriff's Department to wit: Since defendant's arrival at SAFPF he has had numerous violations. He continuously displayed a non-caring attitude and/or lack of commitment to Treatment. Because of his continued compulsive negative behavior and concern for the safety of the general population discharge was recommended. All attempts to engage defendant in treatment failed. His disruptive conduct prevented him and others from benefitting from the program.

Although Cantu pleaded not true to the allegations, he testified that he did not remain in the SAFPF facility until released by the court but, rather, checked himself out. His admission supported revocation of his community supervision. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim.App. [Panel Op.] 1979) (holding that plea of true alone supported revocation). Moreover, our review of the record reveals no jurisdictional defects in the revocation proceedings. The trial court had jurisdiction over the case. *See* TEX.CODE CRIM. PROC. ANN. art. 4.05 (Vernon Supp.2003). The motion to revoke provided Cantu with sufficient notice of the violations alleged by the State and satisfied the requisites of due process. *See Whisenant v. State*, 557 S.W.2d 102, 105 (Tex.Crim.App.1977).

### 3. Ineffective Assistance of Counsel

■ The record contains no evidentiary support for any arguable claim of ineffective assistance of counsel. When the alleged ineffectiveness asserted by a defendant occurs outside of the record, the proper vehicle for a complaint is a collateral attack that permits the development of facts concerning the alleged errors of counsel. *Jackson v. State*, 877 S.W.2d 768, 773 (Tex.Crim.App.1994).

Accordingly, our independent review of the record agrees with counsel that Cantu's appeal is frivolous. We conclude that this appeal is without merit. We affirm.

### C. Motion to Withdraw

■ An appellate court may grant counsel's motion to withdraw filed in connection with an *Anders* brief. *Moore v. State*, 466 S.W.2d 289, 291 n. 1 (Tex.Crim.App.1971); *see Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991) (noting that *Anders* brief should be filed with request for withdrawal from case). We hereby order counsel to advise Cantu promptly of the disposition of this case and the availability of discretionary review. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex.Crim.App. 1997). We grant counsel's motion to withdraw.