NUMBER 13-02-501-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG







ALEJANDRO MANCILLAS, A/K/A MARCIO LOPEZ
, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the 103rd District Court


of Cameron County, Texas.






MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Castillo


Opinion by Justice Castillo



 Appellant Alejandro Mancillas, a/k/a Marcio Lopez, appeals revocation of his
community supervision. We conclude that Mancillas's appeal is frivolous and without
merit. We affirm. 

I. BACKGROUND

 Pursuant to an agreed punishment recommendation, Mancillas pleaded guilty to
attempted burglary. The trial court placed him on regular community supervision for
eight years. Three years later, the State filed a motion to revoke. Following an
evidentiary hearing, the trial court revoked Mancillas's community supervision and
sentenced him to four years confinement in the Institutional Division of the Texas
Department of Criminal Justice. 

II. APPLICABLE APPELLATE RULES


 On August 30, 2002, Mancillas invoked our jurisdiction by timely filing a notice
asserting his desire to appeal the trial court's decision to revoke his community
supervision. The rules of appellate procedure governing how appeals proceed in
criminal cases were amended effective January 1, 2003. Generally, rules altering
procedure do not fall within the prohibition in the Texas Constitution against
retroactive application of laws that disturb vested, substantive rights. See Tex. Const.
art. I, § 16; see also Ibarra v. State, 11 S.W.3d 189, 192 (Tex. Crim. App. 1999). 
Therefore, this Court applies the current rules of appellate procedure to this appeal. 
We may not affirm or reverse a judgment or dismiss an appeal for formal defects or
irregularities in appellate procedure without allowing a reasonable time to correct or
amend the defects or irregularities. Tex. R. App. P. 44.3. We also are prohibited from
affirming or reversing a judgment or dismissing an appeal if the record prevents the
proper presentation of an appeal and can be corrected by the trial court. Tex. R. App.
P. 44.4(a). Accordingly, we abated the appeal on July 22, 2003 and ordered a
supplemental record to include, in compliance with rule 25.2(a)(2), the trial court's
certification of Mancillas's right of appeal. See Tex. R. App. P. 25.2(a)(2). We
received a supplemental record on August 11, 2003 that includes the trial court's
certification that Mancillas has the right of appeal. We now turn to the merits. 

III. DISPOSITION

A. Anders Brief

 Mancillas's court-appointed counsel filed a brief in which he concludes that the
appeal is frivolous. See Anders v. California, 386 U.S. 738, 744-45 (1967). Counsel
has certified that: (1) he diligently reviewed the entire appellate record in the case;
(2) in his opinion, the appeal is frivolous because the record reflects no reversible error;
(3) in his opinion, there are no grounds on which an appeal can be predicated; (4) he
served a copy of the brief on Mancillas at the time of filing; and (5) he informed
Mancillas by accompanying letter that it is the opinion of counsel that the appeal is
without merit and that Mancillas has the right to review the record and file a pro se
brief raising any issue on appeal or complaint he may desire. See id.; see also High v.
State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). More than thirty
days have passed. Mancillas has not filed a pro se brief. See McMahon v. State,
529 S.W.2d 771, 772 (Tex. Crim. App. 1975).

 Counsel has caused to be provided as part of the appellate record copies of the
court and clerk records of the revocation proceeding. In appellant's brief, counsel
asserts there are no arguable grounds of error. An Anders brief must provide
references to both legal precedent and pages in the record to demonstrate why there
are no arguable grounds to be advanced. High, 573 S.W.2d at 812. Counsel's brief
does not advance any arguable grounds of error, but does contain a professional
evaluation of the record demonstrating why, in effect, there are no arguable grounds
to be advanced. Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974). 
While arguable grounds of error should be advanced by counsel as required by Anders,
if there are any, we do not interpret Anders as requiring appointed counsel to make
arguments counsel would not consider worthy of inclusion in a brief for a paying client
or to urge reversal if in fact counsel finds no arguable issue to appeal. See id. We
hold that counsel's brief is not the "conclusory statement" decried by Anders. See id. 

 Next, we independently review the record for error, as we must, with regard to
the regular community supervision revocation proceedings. See Penson v. Ohio,
488 U.S. 75, 80 (1988); see also Hawkins v. State, 2003 Tex. App. LEXIS 6930,
at *9 (Corpus Christi Aug. 14, 2003, no pet. h.). 

B. Independent Review of the Record


 The State's motion to revoke alleged that Mancillas violated numerous terms
and conditions of his community supervision, including that he was to return to Mexico
and not return to the United States illegally during the term of supervision. Mancillas
pleaded true to the allegation that he returned to the United States illegally. This plea
of true alone supports revocation of his community supervision. See Cole v.
State, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); see also Hawkins,
2003 Tex. App. LEXIS 6930, at *9. 

 Our review of the record reveals no jurisdictional defects in the revocation
proceedings. The indictment conferred jurisdiction on the trial court and provided
Mancillas with sufficient notice. See Tex. Const. art. V, § 12; Tex. Code. Crim. Proc.
Ann. art. 4.05 (Vernon Supp. 2003). Further, the motion to revoke provided Mancillas
with sufficient notice of the violations alleged by the State and satisfied the requisites
of due process. See Whisenant v. State, 557 S.W.2d 102, 105 (Tex. Crim.
App. 1977); see also Hawkins, 2003 Tex. App. LEXIS 6930, at *9. Also, the record
reveals that the trial court properly admonished Mancillas before he pleaded true
and that his plea of true was knowing and voluntary. See Martinez v. State,
981 S.W.2d 195, 197 (Tex. Crim. App. 1998); see also Hawkins, 2003 Tex. App.
LEXIS 6930, at *9. 

 Moreover, Mancillas did not object to his sentence on any basis, including abuse
of discretion. We find he waived any challenge to the sentence imposed, which we
note was half the original term of imprisonment the trial court assessed and suspended
when it placed Mancillas on community supervision. See Rhoades v.
State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); see also Hawkins, 2003 Tex.
App. LEXIS 6930, at *9. Finally, the sentence was within the statutorily permissible
range and was based on admissible evidence introduced at the revocation proceeding. 
See Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); see also
Hawkins, 2003 Tex. App. LEXIS 6930, at *9. We find no arguable error. 

C. Conclusion


 Accordingly, our independent review of the record finds that Mancillas's appeal
is frivolous. We conclude that Mancillas's appeal is without merit. We affirm the
judgment of the trial court.

D. Motion to Withdraw


 An appellate court may grant counsel's motion to withdraw filed in connection
with an Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim.
App. 1971); see Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.1991) 
(noting that Anders brief should be filed with request for withdrawal from case). 
Counsel has not requested to withdraw from further representation of Mancillas on
appeal. We hereby order counsel to advise Mancillas of the disposition of this case
and the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27
(Tex. Crim. App. 1997). We further order counsel to file any motion to withdraw as
court-appointed counsel with this Court within ten days of the date of this opinion. 


 

 ERRLINDA CASTILLO

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Opinion delivered and filed

this 28th day of August, 2003.