NUMBER 13-03-085-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




GLADYS HERNANDEZ DE LEON,                      Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.




On appeal from the 138th District Court
of Cameron County, Texas.




MEMORANDUM OPINION
 
Before Justices Hinojosa, Yañez, and Castillo
Opinion by Justice Castillo

         Appellant Gladys Hernandez De Leon appeals revocation of her community
supervision. In 1998, after agreement with the State that the prosecution would not
seek a deadly weapon finding, De Leon pleaded guilty to aggravated assault.


 The trial
court assessed punishment at ten years confinement, suspended imposition of the
sentence, and placed her on regular community supervision for six years. 
Approximately seven months later, the State filed a motion to revoke. De Leon
pleaded true to the allegations of failure to report and failure to make court-ordered
payments toward the fine, fees, and costs, as alleged in the motion to revoke. 
Following an evidentiary hearing, the trial court revoked De Leon's community
supervision and sentenced her to seven years confinement in the Institutional Division
of the Texas Department of Criminal Justice. We conclude that De Leon's appeal is
frivolous and without merit. We affirm. 
I. BACKGROUND
         The trial court has certified that this is not a plea-bargain case, and De Leon has
the right to appeal. See Tex. R. App. P. 25.2(a)(2). De Leon's court-appointed counsel
filed a brief in which he concludes that the appeal is frivolous. See Anders v.
California, 386 U.S. 738, 744-45 (1967). Counsel has certified that: (1) he diligently
reviewed the entire appellate record in the case; (2) he researched the law applicable
to the facts and issues in the appellate record; (3) in his opinion, the appeal is frivolous
because the record reflects no reversible error; (4) he served a copy of the brief on
De Leon; and (5) he informed De Leon by accompanying letter that it is the opinion of
counsel that the appeal is without merit and that De Leon has the right to review the
record and file a pro se brief raising any issue on appeal or complaint she may desire. 
See id.; see also High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel
Op.] 1978). More than thirty days have passed. De Leon has not filed a pro se brief. 
II. DISPOSITION
A. Anders Brief
          An Anders brief must provide references to both legal precedent and pages in
the record to demonstrate why there are no arguable grounds to be advanced. High,
573 S.W.2d at 812; Gearhart v. State, 122 S.W.3d 459, 464 (Tex. App.–Corpus
Christi 2003, no pet. h.). Counsel's brief does not advance any arguable grounds
of error, but does contain a professional evaluation of the record demonstrating
why there are no arguable grounds to be advanced. See Currie v. State,
516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see also Gearhart, 122 S.W.3d
at 464. With relevant citation to legal precedent and the record, counsel concludes
that the trial court fulfilled the statutory requirements for admonishments on entry of
De Leon's plea of true to the State's allegations: (1) as to the range of punishment;
(2) of the consequences of the plea; and (3) that the trial court did not have to accept
any plea bargain. Counsel adds that the trial court thoroughly admonished De Leon
before the plea. Counsel also concludes there is no evidence in the record suggesting
that De Leon was not competent to enter her plea of true or that the plea was
involuntary. Counsel notes that the sentence assessed was within the range allowed
by law. He adds that De Leon readily admitted that she had not complied with the
court's conditions of community supervision. He concludes that the trial court did not
abuse its discretion when it sentenced De Leon to six years confinement. 
         Arguable grounds of error should be advanced by counsel as required by Anders,
if there are any. See Currie, 516 S.W.2d at 684; see also Gearhart, 122 S.W.3d
at 464. However, we do not interpret Anders as requiring appointed counsel to
make arguments counsel would not consider worthy of inclusion in a brief for a paying
client or to urge reversal if, in fact, counsel finds no arguable issue to appeal. See
Currie, 516 S.W.2d at 684; see also Gearhart, 122 S.W.3d at 464. We hold that
counsel's brief is not the "conclusory statement" decried by Anders. See Currie,
516 S.W.2d at 684; see also Gearhart, 122 S.W.3d at 464. 
B. Independent Review of the Record
         This is an Anders case. We independently review the record for error. See
Penson v. Ohio, 488 U.S. 75, 80 (1988); see also Gearhart, 122 S.W.3d at 464;
Hawkins v. State, 112 S.W.3d 340, 344 (Tex. App.–Corpus Christi 2003, no pet.). 
The State's motion to revoke alleged that De Leon violated numerous terms and
conditions of her community supervision, including failure to report and failure to pay
the assessed fine, fees, and costs. De Leon pleaded true to the allegations. This plea
of true alone supports revocation of her community supervision. See Hawkins,
112 S.W.3d at 344 (citing Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App.
[Panel Op.] 1979)). 
         Our review of the record reveals no jurisdictional defects in the revocation
proceedings. The indictment conferred jurisdiction on the trial court and provided
De Leon with sufficient notice. See Hawkins, 112 S.W.3d at 344 (citing Tex. Const.
art. V, § 12; Tex. Code Crim. Proc. Ann. art. 4.05 (Vernon Supp. 2004)). Further, the
motion to revoke provided De Leon with sufficient notice of the violations alleged by
the State and satisfied the requisites of due process. See Hawkins, 112 S.W.3d
at 344 (citing Whisenant v. State, 557 S.W.2d 102, 105 (Tex. Crim. App. 1977)). 
Also, the record reveals that the trial court properly admonished De Leon before she
pleaded true and that her plea of true was knowing and voluntary. See Hawkins,
112 S.W.3d at 344 (citing Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim.
App. 1998)). 
         Moreover, De Leon did not object to her sentence on any basis, including abuse
of discretion. We conclude she waived any challenge to the sentence imposed, which
we note was less than the original ten-year term of imprisonment the trial court
assessed and suspended when it placed De Leon on community supervision. See
Hawkins, 112 S.W.3d at 344 (citing Rhoades v. State, 934 S.W.2d 113, 120 (Tex.
Crim. App. 1996)). Finally, the sentence was within the statutorily permissible range
and was based on admissible evidence introduced at the revocation proceeding. See
Hawkins, 112 S.W.3d at 344 (citing Jordan v. State, 495 S.W.2d 949, 952 (Tex.
Crim. App. 1973)). We find no arguable error. 
 
C. Conclusion
         Accordingly, our independent review of the record confirms that De Leon's
appeal is frivolous. We conclude that De Leon's appeal is without merit. We affirm
the judgment of the trial court. 
D. Motion to Withdraw
         An appellate court may grant counsel's motion to withdraw filed in connection
with an Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim.
App. 1971); see Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.1991) 
(noting that Anders brief should be filed with request for withdrawal from case). 
Counsel has not requested to withdraw from further representation of De Leon on
appeal. We hereby order counsel to advise De Leon of the disposition of this case and
the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997); see also Gearhart, 122 S.W.3d at 469. We further order counsel
to file any motion to withdraw as court-appointed counsel with this Court within ten
days of the date of this opinion. See Gearhart, 122 S.W.3d at 469. 
 
                                                                        ERRLINDA CASTILLO
                                                                        Justice
Do not publish. 
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this 4th day of March, 2004.