NO. 07-06-0091-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 7, 2007

______________________________

STEPHEN MICHAEL MCMAHON, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 31
ST
 DISTRICT COURT OF GRAY COUNTY;

NO. 6617; HON. STEVEN R. EMMERT, PRESIDING

_______________________________

Memorandum Opinion

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Stephen Michael McMahon appeals the revocation of his probation.   In challenging the decision, he contends:  1) the trial court erred in failing to file findings of fact and conclusions of law, 2) his plea of guilty was involuntary due to a plea bargain that was breached by the State, 3) his plea of guilty was involuntary because of an improper plea bargain, 4) the trial court erred in failing to grant his motion for specific performance of the plea bargain, 5) the trial court erred in refusing to allow him to withdraw his guilty plea, and 6) the evidence is insufficient to support the revocation.  We affirm the judgment of the trial court.

Background
 

Appellant pled guilty to the offense of injury to a child on November 3, 2003, pursuant to a plea agreement.  That agreement called for a ten-year suspended sentence, a fine of $2,500, 240 hours of community service, waiver of the right of appeal, and dismissal of Cause No. 5990. The agreement was accepted, and judgment was entered upon the plea.  In that judgment, the trial court also ordered that the Sex Offender Registration Requirements were not to apply to appellant.  

Later, the State filed a motion to modify the conditions of appellant’s probation.  Among those modifications appeared the duty to attend a treatment program for sex offenders.  After a hearing at which appellant vigorously argued that the changes violated his plea agreement, the trial court granted the motion and modified the terms of his probation. 

  Thereafter, the State moved to revoke appellant’s community supervision alleging he had violated the conditions of his probation by 1) reporting to his counseling session on May 10, 2004, smelling strongly of alcohol (condition 3), 2) refusing to provide a urine sample on March 12, 2004 (condition 14), 3) failing to attend two sex offender counseling sessions in a row (condition A3), 4) being delinquent in the payment of fees for those sessions (condition A3), and 5) reporting to one of those counseling sessions while smelling strongly of alcohol on May 10, 2004 (condition A3).  At the subsequent hearing, appellant voiced objections to any revocation being based on the conditions added via the State’s prior motion to modify.  However, he informed the trial court that if the State dropped the A3 ground relating to his failure to attend the two counseling sessions, he would relinquish his complaints regarding the State’s alleged failure to properly notify him of the grounds upon which it sought revocation.  The State agreed to do so, and the trial court acknowledged that the particular ground was being abandoned by the State.  

When asked how he pled to the remaining grounds, appellant said the allegations involving violation of condition 3 and the remaining portion of A3 were “true.”  Violation of  condition 14 was denied, however.  Subsequently, the parties presented their evidence, and when they finished, the trial court orally found that appellant had indeed violated condition 3, the remaining portion of A3, and 14.  So too did it revoke his probation and sentence him to ten years imprisonment.         

Issue 1 - Findings of Fact and Conclusions of Law

Appellant complains in his first issue of the trial court’s failure to file findings of fact and conclusions of law with respect to the revocation.  We overrule the complaint.

Due process requires the entry of specific findings of fact when a defendant requests them in a probation revocation proceeding.  
Whisenant v. State, 
557 S.W.2d 102, 105 (Tex. Crim. App. 1977); 
Joseph v. State, 
3 S.W.3d 627, 639 (Tex. App.
–
Houston [14
th
 Dist.] 1999, no pet.).  Moreover, the failure to make such findings may require reversal if omission impedes appellate review of the decision.  
Joseph v. State, 
3 S.W.3d at 639.  However, the trial court is not required to issue separate findings if the judgment or revocation order nonetheless discloses the grounds found to exist.  
See id. 
at 640 (concluding that handwritten notations on the order sufficed); 
Renteria v. State, 
No. 08-02-0329-CR, 2004 Tex. App. 
Lexis
 3608 at *6-7 (Tex. App.
–
El Paso April 22, 2004, no pet.) (not designated for publication) (holding it sufficient to specify the grounds in the judgment).

Here, the record reflects that the trial court not only orally specified, at the end of the hearing, the particular conditions justifying revocation but also memorialized those same conditions in its judgment.  Thus, appellant was afforded adequate notice of the grounds underlying the revocation of his community supervision, and his ability to prosecute an appeal was not diminished.  

Issues 2, 3, 4 and 5 -
 
Plea Bargain

In issues two through five, appellant argues that 1) his plea was involuntary because the plea bargain was broken and 2) he should be allowed to withdraw the plea or have the bargain specifically enforced.  The argument is premised on his belief that the modifications to his probation enacted by the trial court after his original conviction changed the terms of the plea agreement.  We overrule the issues.

In effect, appellant attempts to attack the prior modifications to the conditions of his probation via this appeal because they allegedly failed to comport with the plea bargain.  According to the Court of Criminal Appeals, an order modifying the terms or conditions of probation is not appealable except when revocation is ordered and the validity of the revocation “depends on the validity of the modification.”  
Davis v. State
, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006).  In view of 
Davis
, we note that of the three conditions appellant was found to have violated, only one (
i.e.
 A3) implicates the modifications about which he complains.  The other two were imposed as part of the original probation order which he did not appeal.  Given this and the truism that a trial court need only find one violation to justify revocation, 
Moore v. State, 
605 S.W.2d 924, 926 (Tex. Crim. App. 1980),  we cannot say that the decision at bar depended upon the validity of the modifications.          
Issue 6 - Sufficiency of the Evidence

Lastly, appellant contends that the evidence does not support his revocation.  Again, we note that appellant pled true to the violation of two conditions and at least one of them did not implicate the modifications alluded to in issues two through five.  And, as previously mentioned, only one need be found true to justify revocation.
  
Moore v. State, supra.
  So, given appellant’s plea of true to the violation of at least one legitimate condition, the trial court’s decision to revoke enjoyed evidentiary support.

Having overruled all of appellant’s issues, we affirm the judgment of the trial court.

Brian Quinn 

          Chief Justice     

Do not publish.