IN THE COURT OF CRIMINAL APPEALS


OF TEXAS








NO. PD-1072-06






EX PARTE BRANDON THOMAS, Appellant


 




ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


AND DISCRETIONARY REVIEW ON COURT'S OWN MOTION


FROM THE FOURTH COURT OF APPEALS

BEXAR COUNTY




 PER CURIAM.


O P I N I O N 



 The Appellant pled guilty to the offense of misdemeanor assault and was placed on
deferred adjudication community supervision. The State filed a motion to revoke the
appellant's community supervision and he was arrested on a revocation warrant and
incarcerated in the county jail. Thirty days later he was able to retain an attorney, who
immediately filed a motion pursuant to Article 42.12, Section 21(b) of the Texas Code of
Criminal Procedure, (1) invoking the appellant's right to a final adjudication and revocation
hearing within twenty days.

 Before the hearing, the appellant also filed a motion to quash the State's motion to
revoke. He argued that his due-process right to a preliminary probable cause hearing to
determine the legality of his pre-revocation detention, under Gagnon v. Scarpelli, (2) was denied. 
The trial court denied the motion to quash and proceeded to the final revocation hearing. After
that hearing, the trial court continued the appellant on deferred adjudication probation, subject
to the modification that his period of community supervision would be extended by six months,
and that as a further condition of that community supervision the appellant should serve thirty
days in jail. However, the trial court credited the appellant with the time he had spent in pre-revocation incarceration, and the appellant was not returned to jail. The appellant attempted
to appeal from this decision, but his direct appeal was dismissed for want of jurisdiction.

 The appellant then filed an application for writ of habeas corpus under Article 11.072
of the Texas Code of Criminal Procedure. (3) He argued that the trial court erred to deny his
motion to quash the State's motion to revoke, and therefore had lacked authority to extend the
period of his community supervision. The trial court denied relief, and the appellant appealed. (4) 
This time the Fourth Court of Appeals reached the merits of his claim but affirmed the trial
court's judgment in an unpublished memorandum opinion.

 We granted the appellant's petition for discretionary review to determine whether the
failure of the trial court to conduct a preliminary probable cause hearing violated his right to
due process, notwithstanding this Court's opinion in Whisenant v. State, (5) upon which the court
of appeals had relied to deny relief. We also expanded the scope of review on our own motion,
ordering the parties to brief the further question whether the appellant should have been given
some form of notification upon his arrest on the revocation warrant that he had the statutory
right to move for a final revocation hearing within twenty days. However, we have now
determined that our decision to grant review of this case was improvident. We therefore
dismiss the petition.


Delivered: October 3, 2007

Do Not Publish
1. Tex. Code Crim. Proc. art. 42.12, § 21(b).
2. 411 U.S. 778 (1973).
3. Tex. Code Crim. Proc. art. 11.072.
4. See id., § 8.
5. 557 S.W.2d 102 (Tex. Crim. App. 1977).