Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio





# MEMORANDUM OPINION

No. 04-10-00012-CR

Gregorio **LUERA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 06-02-11882
Honorable Richard C. Terrell, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:       Karen Angelini, Justice
               Phylis J. Speedlin, Justice
               Rebecca Simmons, Justice

Delivered and Filed:  November 17, 2010

AFFIRMED

Gregorio Luera appeals the trial court's judgment revoking his probation.  Because the

issues in this appeal involve the application of well-settled principles of law, we affirm the trial

court's judgment in this memorandum opinion.

## BACKGROUND

Luera originally pled guilty to the offense of driving while intoxicated with a child in the

vehicle.  Luera's sentence was suspended, and he was placed on community supervision in

January of 2007. At the hearing on the State's motion to revoke, Luera pled not true to the allegations made in the State's motion. At the conclusion of the hearing, the trial court found the following allegations in the State's motion to revoke to be true: (1) failure to pay probation supervision fee for February of 2007 through July of 2009; (2) failure to pay $100 of a $1,500 fine from February of 2007 through April of 2008; (3) failure to pay court costs of $306.25 and court appointed counsel fee of $850; (4) failure to make restitution in the amount of $100; (5) failure to report as required from February of 2007 through July of 2009, with the exception of the months of April of 2008, August of 2008, and June of 2009; (6) failure to attend and participate in the Community Service Restitution Program; (7) failure to pay the District Clerk of Jim Wells County; and (8) failure to attend, participate, and complete the TAIP program.

### PRELIMINARY HEARING

In his first two points of error, Luera complains that he was never given a preliminary hearing or the opportunity to confront adverse witnesses at a preliminary hearing in violation of *Gagnon v. Scarpelli*, 411 U.S. 778 (1973). The Texas Court of Criminal Appeals has held, however, that the procedure for revoking probation in Texas affords a probationer far greater safeguards than those required by *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), and *Morrissey v. Brewer*, 408 U.S. 471 (1972). *Whisenant v. State*, 557 S.W.2d 102, 105 (Tex. Crim. App. 1977). The court concluded, "That appellant did not receive a preliminary hearing . . . did not deprive the appellant of the right of due process granted by the constitutions of this State and of the United States." *Id*.

Luera acknowledges the holding in *Whisenant*, but asserts that the decision should be overruled. "However, this court is bound by the precedent of the Texas Court of Criminal Appeals and has no authority to disregard or overrule the precedent in *Whisenant*." *Ex Parte*

*Thomas*, 04-06-00111-CR, 2006 WL 1539740, at \*1 (Tex. App.—San Antonio June 7, 2006) (not designated for publication), *pet. dism'd*, No. PD-1072-06, 2007 WL 2852166 (Tex. Crim. App. Oct. 3, 2007). Accordingly, Luera's first and second points of error are overruled.

## REVOCATION OF PROBATION

In his third point of error, Luera complains that the trial court abused its discretion in revoking his probation. "Appellate review of an order revoking probation is limited to abuse of the trial court's discretion." *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (internal quotes omitted); *see also Reasor v. State*, 281 S.W.3d 129, 131 (Tex. App.—San Antonio 2008, pet. ref'd). "In determining questions regarding sufficiency of the evidence in probation revocation cases, the burden of proof is by a preponderance of the evidence." *Rickels*, 202 S.W.3d at 763; *see also Reasor*, 281 S.W.3d at 131–32. "We indulge all reasonable inferences in a light favorable to the trial court's ruling and sustain the order of revocation if the evidence substantiates a single violation." *Reasor*, 281 S.W.3d at 131 (internal citations omitted). The State meets its burden when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision. *Rickels*, 202 S.W.3d at 763–64; *Reasor*, 281 S.W.3d at 132.

Luanna Guajardo, a certified probation officer, was Luera's probation officer when he was placed on probation. Guajardo testified at the revocation hearing that she reviewed Luera's conditions of probation with Luera on January 3, 2007, and Luera signed a statement acknowledging the conditions. Guajardo testified that Luera violated his probation conditions by: (1) not paying his probation supervision fee; (2) not making any payments on his fine; (3) not paying his court costs or the court appointed counsel fee; (4) not paying $100 as restitution for his presentence investigation report; and (6) failing to pay the crime stoppers fee to the District

Clerk of Jim Wells County. Guajardo also testified that Luera was placed on a specialized case load requiring him to report twice a month. Guajardo stated Luera would only sporadically report once a month, thereby violating his probation conditions. Finally, Guajardo testified that Luera also failed to participate in community service as he was required and failed to attend and participate in a TAIP program.

On cross-examination, Guajardo testified that Luera had a full-time job when she first met with him. Although Luera was laid off at one point during his probation, Guajardo testified that Luera was not laid off very long. Guajardo clarified that Luera reported once each month from February of 2007 through July of 2009 except a few months he reported twice and a few months he failed to report at all. Guajardo testified that Luera was provided a three page sheet containing different locations at which he could have performed community service. Guajardo testified that Luera's assessment showed that he needed to participate in counseling with the TAIP program for alcohol consumption. Guajardo testified that Luera was provided with a referral for the counseling. Guajardo also testified that she visited Luera's house monthly but had more contact with Luera's dad during her visits than with Luera.

Having reviewed the relevant evidence, we conclude the greater weight of the credible evidence creates a reasonable belief that Luera violated at least one condition of his community supervision. *See Rickels*, 202 S.W.3d at 763–64; *Reasor*, 281 S.W.3d at 132. Accordingly, the trial court did not abuse its discretion in revoking Luera's community supervision, and his third point of error is overruled.

In Luera's fourth point of error, he contends the trial court's judgment should be reversed under equity principles since it was a harsh decision based on insufficient evidence. Even if we were to apply a so-called "equitable powers" approach, the trial court's decision would still be

reviewed under an abuse of discretion standard. *See Darty v. State*, 193 S.W.2d 195, 195 (Tex. Crim. App. 1946); *Deaton v. State*, 948 S.W.2d 371, 374 (Tex. App.—Beaumont 1997, no writ). For the reasons previously stated, we hold the trial court did not abuse its discretion in revoking Luera's probation.

### MITIGATING PUNISHMENT EVIDENCE

In his fifth point of error, Luera contends the trial court erred in revoking his probation without giving him the opportunity to present evidence in mitigation of punishment. Generally, to preserve error, the complaining party must make a timely objection. *Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999). In this case, Luera's attorney did not object to the lack of an opportunity to present punishment evidence. Even if Luera's complaint is construed as contending that he did not have the opportunity to object before the trial court pronounced his sentence, his issue would not be preserved for our consideration because he failed to raise this complaint in his motion for new trial. *See Harris v. State*, 160 S.W.3d 621, 626 (Tex. App.—Waco 2005, pet. stricken); *Lopez v. State*, 96 S.W.3d 406, 414 (Tex. App.—Austin 2002, pet. ref'd); *see also Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992) (holding that error regarding failure to conduct punishment hearing was preserved where record showed that the defendant did not have opportunity to object at trial but had raised complaint in a motion for new trial). Accordingly, because this complaint has not been preserved for our review, Luera's fifth point of error is overruled.

### CONCLUSION

The trial court's judgment is affirmed.

Rebecca Simmons, Justice

DO NOT PUBLISH