

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-13-00175-CR

KYLE SCOTT HUFFMAN                                                APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY
TRIAL COURT NO. 1276840

----------

## MEMORANDUM OPINION[1]

----------

### Introduction

In a single issue, Appellant Kyle Scott Huffman challenges the sufficiency of the evidence to support his conviction for driving while intoxicated (DWI). We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

**Facts**

Around 4:00 a.m. on March 31, 2012, Arlington Police Officer Jared Maldonado observed a black BMW traveling with its headlights off. After the officer activated his emergency lights to make a traffic stop, the car ran a red light and pulled into the parking lot of a nearby gas station. Appellant exited the car and walked aggressively back toward the officer. Officer Maldonado smelled the odor of an alcoholic beverage on Appellant's breath and noticed that Appellant slurred his speech, that his eyes were glassy and bloodshot, and that his attitude was aggressive. In the officer's opinion, Appellant was intoxicated.

Officer Maldonado administered the horizontal gaze nystagmus (HGN), the walk-and-turn, and one-leg-stand field-sobriety tests. Appellant passed the one-leg-stand test but failed the HGN and the walk-and-turn.

Appellant admitted to the officer that he had consumed two forty-ounce alcoholic beverages that evening, and the officer found a thirty-two-ounce alcoholic beverage lying unopened in Appellant's driver's seat. Appellant also admitted that he had taken medication during the day.

Officer Maldonado decided to arrest Appellant, placed him in his police vehicle, and asked him if he would voluntarily submit to a breath or blood test. Appellant refused and was taken to jail. Officer Maldonado obtained a warrant to perform a blood test but did not administer a test because nearly four hours had passed since the arrest, and no blood-draw kit was available.

After trial, a jury found Appellant guilty of DWI, and the trial court assessed punishment at one year in jail, probated for two years, with a $750 fine. In a single issue on appeal, Appellant contends that the evidence is insufficient to show that he was intoxicated.

**Standard of Review**

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct 2781, 2789 (1979); *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct at 2789; *Blackman v. State*, 350 S.W.3d 588, 595 (Tex. Crim. App. 2011).

The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. Art. 38.04; *Winfrey*, 393 S.W.3d at 768. Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most

favorable to the verdict. *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011); *see Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Temple*, 390 S.W.3d at 360.

## Discussion

A person commits DWI if he is intoxicated while operating a motor vehicle in a public place. Tex. Penal Code Ann. § 49.04(a) (West Supp. 2013). Intoxicated is not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body. *Id.* § 49.01(2)(A) (West 2011).

The arresting officer's opinion testimony alone is legally sufficient to support a finding of intoxication. *Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. [Panel Op.] 1979) (holding that arresting officer's testimony regarding observations of defendant's driving, physical appearance, post-driving behavior, and officer's conclusion of intoxication sufficient); *Whisenant v. State*, 557 S.W.2d 102, 105 (Tex. Crim. App. 1977) (holding same when officer testified that defendant drove erratically, had strong smell of alcohol on breath, appeared sleepy, slurred words, and admitted to drinking, and officer concluded defendant was intoxicated); *Zill v. State*, 355 S.W.3d 778, 786 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

Further, refusal to take a breath test may be considered as evidence of guilt. *See Gaddis v. State*, 753 S.W.2d 396, 399 (Tex. Crim. App. 1988) (noting that "it was not improper to simply argue that appellant refused [testing] because he was intoxicated"); *see also Russell v. State*, 290 S.W.3d 387, 397 (Tex. App.—Beaumont 2009, no pet.) (noting that the jury could have inferred from the defendant's refusal to take a breath test that he believed he was intoxicated); *Finley v. State*, 809 S.W.2d 909, 913 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd) (holding that a jury may consider refusal to provide breath or blood samples as evidence of guilt).

In this case, Officer Maldonado testified that he observed Appellant operating a vehicle in a public place and that Appellant appeared to be intoxicated when he exited the vehicle. The record shows that Appellant (1) was aggressive, (2) smelled of alcohol, (3) spoke with slurred speech, (4) had glassy and bloodshot eyes, (5) admitted to having consumed alcohol that evening, (6) had an unopened alcoholic beverage in his possession, (7) failed both the HGN and walk-and-turn field sobriety tests, and (8) refused both a breath test and a blood test.

Viewing the evidence in the light most favorable to the verdict, we hold that it is sufficient to show that Appellant operated a motor vehicle in a public place while not having the normal use of mental or physical faculties by reason of the introduction of alcohol into his body. Accordingly, we hold that the evidence is sufficient to support the verdict, and we overrule Appellant's sole issue.

**Conclusion**

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 24, 2014