NUMBERS 13-04-017-CR

COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG





UBENSE FONSECA,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.




On appeal from the 28th District Court
of Nueces County, Texas.




MEMORANDUM OPINION




Before Justices Rodriguez, Castillo, and Garza
Memorandum Opinion by Justice Castillo

         Appellant Ubense Fonseca appeals the judgment of conviction and sentence in
a State jail felony case in which the trial court adjudicated her guilt and assessed
punishment in a State jail facility. We conclude that Fonseca's appeal is frivolous and
without merit. We affirm. 
I. BACKGROUND
         Fonseca pleaded guilty to the offense of possession of a controlled substance. 
Pursuant to an agreed punishment recommendation, the trial court deferred
adjudication, assessed a fine of $250, and placed Fonseca on community supervision
for a term of two years. Two months later, the State filed a motion to adjudicate guilt,
alleging violations of the terms and conditions of her community supervision. During
the term of this deferred adjudication probation, Fonseca was arrested a second time
for possession of a controlled substance. As a result of the State's motion, which was
based in part on the new arrest, the trial court accepted Fonseca's non-negotiated plea
of true on all grounds and proceeded to hear evidence that might be tendered to
determine the punishment to be assessed. 
         Fonseca was the sole witness to testify in her defense. She was self-employed,
cleaning houses and performing yard work to support her four minor children. She
admitted the new drug-related offense and denied she had a drug problem. She
admitted this cause was the second time she had been granted deferred adjudication. 
         The trial court found the allegations to be true, adjudicated Fonseca guilty, and
assessed punishment for a term of two years in a State jail facility. Fonseca filed a
timely notice of appeal. Fonseca's court-appointed appellate counsel filed a brief in
which she concludes that the appeal is frivolous. See Anders v. California, 386 U.S.
738, 744-45 (1967). 
II. APPLICABLE LAW
         Fonseca was required to raise any complaints involving the original plea
proceeding, in which the trial court imposed deferred adjudication probation, through
an appeal taken at the time. See Tex. Code Crim. Proc. Ann. art. 44.01(j) (Vernon
Supp. 2004-05); see also Nix v. State, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001)
(en banc); Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). She
did not do so. Further, no appeal lies from the trial court’s decision to adjudicate
Fonseca's guilt. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.
2004-05); see also Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999). 
Thus, we are required to overrule as untimely any arguable issues derived from the
original imposition of deferred adjudication probation in this case or the imposition of
regular community supervision. See Tex. R. App. P. 26.2(a). 
         However, we may review all of the proceedings conducted after the adjudication
of guilt on the original charge. See Olowosuko v. State, 826 S.W.2d 940, 941-42
(Tex. Crim. App. 1992) (en banc) ("An appellate court must sort out various rulings
a trial court may make in the course of a deferred adjudication proceeding to determine
those which the Legislature provided a right to appeal."). Therefore, a party may
appeal the assessment of punishment and pronouncement of sentence. Tex. Code
Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2004-05). Similarly, in the context
of an adjudication proceeding, we may only review ineffective assistance claims as
they pertain to post-adjudication matters. See Olowosuko, 826 S.W.2d at 942. In
sum, a defendant appealing from deferred adjudication may raise an issue unrelated
to the conviction, such as a complaint concerning the punishment imposed; however,
an objection is required to preserve error. Vidaurri v. State, 49 S.W.3d 880, 886 (Tex.
Crim. App. 2001) (en banc). We turn to Anders counsel's professional evaluation of
any arguable issues on appeal.
 A. Anders Brief
         Fonseca's court-appointed counsel filed a brief in which she concludes that the
appeal is frivolous. See Anders, 386 U.S. at 744-45. Counsel has certified that: (1)
she diligently reviewed the entire appellate record in both cases; (2) in her opinion, the
appeal is frivolous because the record reflects no reversible error; (3) in her opinion,
there are no grounds on which an appeal can be predicated; (4) she served copies of
the brief on Fonseca at the time of filing; and (5) she informed Fonseca by
accompanying letter that it is the opinion of counsel that the appeal is without merit
and that Fonseca has the right to review the record and file a pro se brief raising any
issue on appeal or complaint she may desire, and Fonseca should file a pro se brief
within sixty days. Id.; see also High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App.
[Panel Op.] 1978). More than sixty days have passed. Fonseca has not filed a pro se
brief. See McMahon v. State, 529 S.W.2d 771, 772 (Tex. Crim. App. 1975).
          Counsel has caused to be provided, as part of the appellate record, a reporter's
record of the final proceeding of Fonseca's case, and a clerk's record which includes
the initial plea, the initial sentencing, the motion to adjudicate guilt, and the resulting
sentencing. In the brief, counsel asserts there are no arguable points of error. 
         An Anders brief must provide references to both legal precedent and pages in
the record to demonstrate why there are no arguable grounds to be advanced. High,
573 S.W.2d at 812. Counsel's brief does not advance any arguable grounds of error,
but does contain a professional evaluation of the record demonstrating why, in effect,
there are no arguable grounds to be advanced. Currie v. State, 516 S.W.2d 684, 684
(Tex. Crim. App. 1974). While arguable grounds of error should be advanced by
counsel as required by Anders, if there are any, we do not interpret Anders as requiring
appointed counsel to make arguments counsel would not consider worthy of inclusion
in a brief for a paying client, or to urge reversal if in fact counsel finds no arguable
issue to appeal. Id. We hold that counsel's brief is not the "conclusory statement"
decried by Anders. Id. 
         Next, we independently review the record for error, as we must, with regard to
the adjudication of guilt and sentencing proceedings. See Penson v. Ohio, 488 U.S.
75, 80 (1988); see also Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.–Corpus
Christi 2002, no pet.). 
 
 
 B. Independent Review of the Record
         The State's motion to adjudicate guilt alleged that Fonseca violated the terms
and conditions of her community supervision that required that she (1) not commit any
offenses, (2) report to her community supervision officer at least once each month,
and (3) pay the assessed fines and fees. The State alleged Fonseca violated these
terms and conditions by (1) committing the offense of possession of a controlled
substance, (2) not reporting, and (3) not paying the assessed fines and fees.          Fonseca pleaded true to the three allegations. The trial court accepted
Fonseca's pleas of true. The pleas of true supported revocation of her community
supervision. See Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.]
1979). Further, the trial court found all of the alleged violations to be true. Any one
of them would support the decision to adjudicate. See Moses v. State, 590 S.W.2d
469, 470 (Tex. Crim. App. 1979). Moreover, our review of the record reveals no
jurisdictional defects in the revocation proceedings. The charging instrument conferred
jurisdiction on the trial court and provided Fonseca with sufficient notice. Tex. Const.
art. V, § 12; Tex. Code Crim. Proc. Ann. art. 4.05 (Vernon 2005); Duron v. State, 956
S.W.2d 547, 550-51 (Tex. Crim. App. 1997) (en banc). Further, the motion to revoke
provided Fonseca with sufficient notice of the violations alleged by the State and
satisfied the requisites of due process. See Whisenant v. State, 557 S.W.2d 102,
104 (Tex. Crim. App. 1977). Also, the record reveals that the trial court properly
admonished Fonseca before she pleaded true and that her pleas of true were knowing
and voluntary. See Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998)
(per curiam). We find no arguable error in the revocation proceedings. 
         After the close of evidence, defense counsel requested that the trial court not
adjudicate guilt and allow Fonseca to continue on community supervision, or,
alternatively, adjudicate guilt and impose community supervision. We review a
sentence imposed by the trial court for abuse of discretion. Jackson v. State, 680
S.W.2d 809, 814 (Tex. Crim. App. 1984) (en banc). As a general rule, to preserve
error for appellate review, Fonseca must have made a timely, specific objection, at the
earliest opportunity, and obtained an adverse ruling. Tex. R. App. P. 33.1; Turner v.
State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991) (en banc). Fonseca did not
object at sentencing on any basis, including abuse of discretion. We find that she
forfeited any challenge to the sentence imposed. See Rhoades v. State, 934 S.W.2d
113, 120 (Tex. Crim. App. 1996) (en banc). Moreover, the sentence assessed in the
case was within the statutorily permissible range and was based on admissible
evidence introduced at the revocation proceeding. See Jordan v. State, 495 S.W.2d
949, 952 (Tex. Crim. App. 1973). We find no arguable error in the sentencing phase
of the proceedings. 
         Finally, we find no arguable error in defense counsel's performance in post-adjudication matters. See Olowosuko, 826 S.W.2d at 942. We presume counsel's
performance was the result of sound or reasonable trial strategy. Strickland v.
Washington, 466 U.S. 668, 688 (1984); see Stafford v. State, 813 S.W.2d 503, 506
(Tex. Crim. App. 1991) (en banc). 
C. Conclusion
         Accordingly, our independent review of the record finds that Fonseca's appeal
is frivolous. We conclude that Fonseca's appeal is without merit. We affirm the
judgment of the trial court. 
D. Motion to Withdraw
         An appellate court may grant counsel's motion to withdraw filed in connection
with an Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim.
App. 1971); see Stafford, 813 S.W.2d at 511 (noting that Anders brief should be filed
with request for withdrawal from case). Counsel has requested to withdraw from
further representation of Fonseca on appeal. We hereby order counsel to advise
Fonseca of the disposition of this case and the availability of discretionary review. See
Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (en banc) (per curiam). 
We grant counsel's motion to withdraw as court-appointed counsel.  



                                                                        ERRLINDA CASTILLO
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b)

Memorandum Opinion delivered and filed
this 2nd day of June, 2005.