NUMBERS 13-03-601-CR

 

                         COURT OF APPEALS                   

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

ERICA MORIN,                                                        Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

 

 

 

                  On appeal from the 103rd
District Court

                          of Cameron
County, Texas.

 

 

 

                     MEMORANDUM OPINION[1]

 

                     Before Justices
Rodriguez, Castillo and Garza

                        Memorandum Opinion by
Justice Castillo



 








Appellant Erica Morin appeals the judgment of conviction and sentence
in a state jail felony case in which the trial court revoked her community
supervision.  We conclude that Morin's
appeal is frivolous and without merit. 
We affirm.  

I.  BACKGROUND

Morin pleaded guilty to the offense of theft.[2]  Pursuant to an agreed punishment
recommendation, the trial court sentenced Morin to two years in a state jail
facility, suspended the sentence, and placed Morin on community supervision for
a term of five years.  During the term of
this community supervision, the State filed a motion to revoke probation alleging
Morin failed to report to her probation officer and pay court ordered costs and
fees.  Morin pled true to the
allegations.  The trial court revoked
her  community supervision and sentenced
her to nine months in a State jail facility. 
Morin filed a timely notice of appeal. 
Morin's appellate counsel filed
a brief in which he concludes that the appeal is frivolous.  See Anders v. California,
386 U.S. 738, 744-45 (1967).   

                                                 II.  DISCUSSION

Morin's appeal requires exercise of our review power to the extent it
relates to the revocations of her community supervision after her plea of
true.  We turn first to Anders
counsel's professional evaluation of any arguable issues on appeal.

 

 








                                                 A.  Anders Brief

Morin's court-appointed counsel filed a brief in which he concludes
that the appeal is frivolous.  See
Anders, 386 U.S. at 744-45. 
Counsel has certified that:  (1)
he diligently reviewed the entire appellate record; (2) in his opinion, the
appeal is frivolous because the record reflects no reversible error;
(3) in his opinion, there are no grounds on which an appeal can be
predicated; and (4) he informed Morin by accompanying letter that it is the
opinion of counsel that the appeal is without merit and that Morin has the
right to review the record and file a pro se brief raising any issue on appeal
or complaint she may desire.  See
Anders, 386 U.S. at 744‑45; see also High v. State,
573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).  Morin has not filed a pro se brief.  See McMahon v. State,
529 S.W.2d 771, 772 (Tex. Crim. App. 1975).

          Counsel
has caused to be provided as part of the appellate record a reporter's record
of the revocation proceeding and a clerk's record, including the initial plea,
the initial sentencing, the motion to revoke community supervision, and the
resulting sentencing in the case.  In the
brief, counsel asserts there are no arguable points of error.  








An Anders brief must provide references to both legal precedent
and pages in the record to demonstrate why there are no arguable grounds to be
advanced.  High, 573 S.W.2d at
812.  Counsel's brief does not advance
any arguable grounds of error, but does contain a professional evaluation of
the record demonstrating why, in effect, there are no arguable grounds to be
advanced.  Currie v. State,
516 S.W.2d 684, 684 (Tex. Crim. App. 1974).  While arguable grounds of error should be
advanced by counsel as required by Anders, if there are any, we do not
interpret Anders as requiring appointed counsel to make arguments
counsel would not consider worthy of inclusion in a brief for a paying client
or to urge reversal if in fact counsel finds no arguable issue to appeal.  Id. 
We hold that counsel's brief is not the "conclusory statement"
decried by Anders.  Id.  

Next, we independently review the record for error, as we must, with
regard to the regular community supervision revocation proceedings.  See Penson v. Ohio, 488 U.S. 75,
80 (1988); see also Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.BCorpus Christi 2002,
no pet.).     

                               B.  Independent Review of the Record

The State's timely filed motion to revoke alleged that Morin violated
the terms and conditions of her community supervision that required that she
(1) report to her probation officer on a monthly basis and (2) pay the assessed
costs and fees.  The State alleged Morin
violated these terms and conditions by not reporting and not paying the costs
and fees as ordered.  Morin pleaded true
to the allegations.  The trial court
accepted her plea of true and found true the allegations in the motion to
revoke. 








Morin's plea of true supported revocation of her community
supervision.  See Cole v. State,
578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).  Moreover, our review of the record reveals no
jurisdictional defects in the revocation proceedings.  The indictment conferred jurisdiction on the
trial court and provided Morin with sufficient notice.  Tex.
Const. art. V, ' 12; Tex. Code Crim. Proc. Ann. art. 4.05
(Vernon Supp. 2004-05); Duron v.
State, 956 S.W.2d 547, 550-51 (Tex.
Crim. App. 1997).  Further, the motion to revoke
provided Morin with sufficient notice of the violations alleged by the State
and satisfied the requisites of due process. 
See Whisenant v. State, 557 S.W.2d 102, 105 (Tex. Crim. App. 1977).  Also, the records reveal that the trial court
properly admonished Morin before she pleaded true and that her pleas of true
were knowing and voluntary.  See
Martinez v. State, 981 S.W.2d  195, 197 (Tex. Crim. App.
1998).  We find no arguable error in the
revocation proceeding.  








The State recommended the nine month term in a State jail
facility.  Morin acknowledged that she
agreed.  The court revoked community
supervision in both cases and imposed the recommended term.  We review a sentence imposed by the trial
court for abuse of discretion.  Jackson
v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).  As a general rule, to preserve error for
appellate review, Morin must have made a timely, specific objection, at the
earliest opportunity, and obtained an adverse ruling.  Tex.
R. App. P. 33.1; Turner v. State, 805 S.W.2d 423, 431 (Tex.
Crim. App. 1991).  Morin did not object
at sentencing on any basis, including abuse of discretion.  We find that she forfeited any challenge to
the sentence imposed in each case.  See
Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996).  Moreover, the sentence assessed in the case
was within the statutorily permissible range and was based on admissible
evidence introduced at the revocation proceeding.  See Mizzell  v. State, 119 S.W.3d 804, 806 (Tex. Crim.
App. 2003); Jordan v. State 495 S.W.2d 949, 952 (Tex. Crim.
App. 1973).[3]  We find no arguable error in the sentencing
phase of the revocation proceeding.  

                                                  C.  Conclusion

Accordingly, our independent review of the record finds that Morin's
appeal is frivolous.  We conclude that
Morin's appeal is without merit.  We
affirm the judgment and sentence of the trial court.  

                                    D.  Motion to Withdraw

An appellate court may grant counsel's motion to withdraw filed in
connection with an Anders brief.  Moore
v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); see
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991)  (noting that Anders brief should be
filed with request for withdrawal from case). 
Counsel in this case has requested to withdraw from further
representation of Morin on appeal.  We
hereby order counsel to advise Morin of the disposition of this case and the
availability of discretionary review.  See
Ex parte Wilson, 956 S.W.2d 25, 27 

 








(Tex. Crim. App. 1997).  We grant counsel's motion to withdraw as
court-appointed counsel for Morin.           

 

ERRLINDA
CASTILLO

Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

 

Memorandum opinion
delivered and filed

this
30th day of June, 2005.  











[1] See Tex. R. App. P. 47.2 and 47.4.





[2] See Tex. Pen.
Code Ann. _ 31.03(a), (e)(4)(A) (Vernon Supp. 2004-05).





[3] Unlike most trial errors which are
forfeited if not timely asserted, a party is not required to make a
contemporaneous objection to the imposition of an illegal sentence.  Mizell v. State, 119 S.W.3d 804, 806 n.9
(Tex. Crim. App. 2003).